UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

MARCUS BELTON,

    Defendant.

_____/

No. CR 14-0030 PJH

**ORDER DENYING MOTION TO REVOKE DETENTION ORDER**

Defendant Marcus Belton has requested review of the Magistrate Judge's detention order and has moved for its revocation pursuant to 18 U.S.C. § 3145(b). The government filed an opposition to defendant's motion for revocation of the detention order. The court held a hearing on the motion for revocation of the detention order on May 21, 2014. For the reasons stated on the record and set forth below, defendant's motion to revoke the detention order is DENIED.

**I.    BACKGROUND**

In an indictment filed on January 16, 2014, defendant Marcus Belton is charged with being a felon in possession of a firearm and a forfeiture allegation. On March 11, 2014, Magistrate Judge Ryu held a detention hearing and ordered that Belton be detained, as no condition or combination of conditions in 18 U.S.C. § 3142(c) will reasonably assure the appearance of the defendant as required and the safety of any other person and the community. In the order detaining defendant pending trial, Judge Ryu noted Belton's prior revocations of community supervision and criminal history. Doc. no. 7. The court notes

that Pretrial Services was not able to interview with Belton's wife in advance of the detention hearing, and has ordered Pretrial Services to conduct that interview.

Belton's criminal history includes convictions for controlled substance offenses in 2001, 2005 and 2007, and convictions for firearms offenses in 1991 (carrying a concealed weapon) and 2007 (felon in possession).  His state probation has been revoked five times since 1991.  On November 27, 2002, he admitted to six supervised release violations while he was under supervision by U.S. Probation and was sentenced to 10 months custody. While he was on release, pending a voluntary surrender date to serve his 10-month sentence, Belton failed to show up for his voluntary surrender on January 3, 2003.  *U.S. v. Belton*, CR 98-40082 DLJ, doc. nos. 1429-32.  Judge Jensen issued a bench warrant, and Belton was subsequently arrested and prosecuted for failure to surrender for service of sentence, resulting in a guilty plea.  *Id.*, doc. nos. 1440, 1452, 1505, 1537.

At the time of his arrest on October 14, 2013, Belton was not on probation.  Under his original sentence, his supervised release was due to expire in March 2015, but his supervision was terminated early in May 2013.

## II.   LEGAL STANDARD

### A.   Standard of Review

Under 18 U.S.C. § 3145(b), a criminal defendant is entitled to have a magistrate judge's detention order reviewed by "the court having original jurisdiction over the offense." The court reviews the Magistrate Judge's detention order de novo.  *United States v. Koenig,* 912 F.2d 1190, 1191 (9th Cir. 1990).

In conducting de novo review of the Magistrate Judge's detention order, "the district court is not required to start over in every case, and proceed as if the magistrate's decision and findings did not exist. . . . It should review the evidence before the magistrate and make its own independent determination whether the magistrate's findings are correct, with no deference."  *Id.* at 1193.  The district court may, but is not required to, hold an evidentiary hearing.  *Id.*

"Effective review of pretrial detention orders necessarily entails a speedy review in order to prevent unnecessary and lengthy periods of incarceration on the basis of an incorrect magistrate's decision." *United States v. Fernandez-Alfonso*, 813 F.2d 1571, 1572 (9th Cir. 1987) (per curiam) (finding that 30-day delay in holding hearing to review detention order violated requirement under section 3142 for prompt review).  A detention order must "include written findings of fact and a written statement of the reasons for the detention." 18 U.S.C. § 3142(i)(1).

### B. Pretrial Detention

Under the Bail Reform Act, an authorized judicial officer may order the detention or release of a defendant pending trial.  18 U.S.C. § 3142 governs pretrial detention of criminal defendants.  Under the procedures set forth in the statute, criminal defendants are ordinarily entitled to go free before trial.  *United States v. Motamedi,* 767 F.2d 1403, 1405 (9th Cir. 1985).  In "rare circumstances," however, a court may order a defendant detained pending trial.  *Id.*  These circumstances are limited to those in which a judge finds that "no condition or combination of conditions" will "reasonably assure" the appearance of the defendant at trial, and the safety of the community. 18 U.S.C. § 3142(e).  The government bears the burden of proving by a preponderance of the evidence that the defendant poses a risk of flight, and of proving by clear and convincing evidence that no condition can reasonably assure that defendant will not present a danger to the community.  *Motamedi*, 767 F.2d at 1406-07 (holding that the government failed to establish by a preponderance of the evidence that the defendant presented a serious risk of flight).

In determining whether either circumstance exists, the court is required to take into account the following:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including–

    (A)    the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

    (B)    whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

(4)  the nature and seriousness of the danger to any person or the community that would be posed by the person's release.  In considering the conditions of release described in subsection (c)(1)(B)(xi) or (c)(1)(B)(xii) of this section, the judicial officer may upon his own motion, or shall upon the motion of the Government, conduct an inquiry into the source of the property to be designated for potential forfeiture or offered as collateral to secure a bond, and shall decline to accept the designation, or the use as collateral, of property that, because of its source, will not reasonably assure the appearance of the person as required.

18 U.S.C. § 3142(g).  The weight of the evidence against the defendant is the least important of these factors.  *United States v. Winsor*, 785 F.2d 755, 757 (9th Cir. 1986) (per curiam).

### 1. Risk of Flight

The court may detain a defendant if the government proves by a preponderance of the evidence that the defendant poses a risk of flight.  *United States v. Gebro*, 948 F.2d 1118, 1121 (9th Cir. 1991); *Motamedi*, 767 F.2d at 1407.  The preponderance of evidence shows a risk of flight where, among other factors, the weight of the evidence is enough to alert the defendants to a "reasonable possibility of conviction."  *United States v. Townsend*, 897 F.2d 989, 993-94 (9th Cir. 1990).

### 2. Danger to Community

The court may also detain a defendant if the government shows by clear and convincing evidence that no release condition will reasonably assure the safety of the community.  Specifically, detention may be ordered where the court finds no condition or combination of conditions could prevent the defendant's continued or future criminal activity.  *United States v. Salerno,* 481 U.S. 739 (1987).  In assessing danger, physical

violence is not the only form of danger contemplated by the statute. *See United States v. Reynolds*, 956 F.2d 192 (9th Cir. 1992). Danger to the community can be in the form of continued narcotics activity. *See United States v. Miranda*, 442 F. Supp. 786, 792 (S.D. Fla. 1977) ("Drug trafficking represents a serious threat to the general welfare of this community."). Propensity to commit crime generally may constitute a sufficient risk of danger to come within the act. *See United States v. Karmann*, 471 F. Supp. 1021, 1022 (C.D. Cal. 1979).

## III.  DISCUSSION

### A.  Belton's Objections to Detention Order

Belton has raised objections to the detention order on the grounds that his pretrial detention violates his Eighth Amendment right against excessive fines and cruel and unusual punishment and his due process rights. Pretrial detention based on risk of flight is not prohibited by the Eighth Amendment. *United States v. Winsor*, 785 F.2d 755, 756 (9th Cir. 1986). Nor does pretrial detention based on risk of flight impose punishment without adjudication of guilt, in violation of the due process clause of the Fifth Amendment. *Id.*

### B.  Grounds for Pretrial Detention

The government contends that it has demonstrated both flight risk and danger to community, although both circumstances are not required to warrant detention. Weighing the § 3142(g) factors on the current record, the court determines that the government has demonstrated by a preponderance of the evidence that Belton presents a flight risk, such that no condition or combination of conditions will reasonably assure the appearance of the defendant at trial. 18 U.S.C. § 3142(e). The government has not, however, shown by clear and convincing evidence that no release condition will reasonably assure the safety of the community.

First, the nature and circumstances of the charged offense, possession of a firearm by a felon, are serious and weigh in favor of pretrial detention. Belton faces a maximum 10 years imprisonment and 3 years supervised release. When Belton was arrested, he was carrying a loaded pistol in his waistband, cash and a bag of marijuana on his person. In his

car was additional ammunition, individually packaged drugs and paraphernalia. Although Belton is not charged with a drug offense, the government argues that the contraband found on his person and in his car support probable cause that he was engaged in distribution, such that a rebuttable presumption that he is both a flight risk and danger to the community is warranted pursuant to section 3142(e). The government does not cite authority that the presumption applies where the defendant was not charged with drug distribution, and the court declines to apply the presumption here. *See United States v. Salerno,* 481 U.S. 739, 750 (1987) ("The Act operates only on individuals **who have been arrested** for a specific category of extremely serious offenses.") (citing 18 U.S.C. § 3142(f)) (emphasis added). *See also United States v. Gentry*, 455 F. Supp. 2d 1018, 1029 (D. Ariz. 2006) (where the defendant was not charged with either a crime of violence, as defined by 18 U.S.C. § 3156, nor allegations of drug distribution or the use or distribution of illegal weapons offenses, no rebuttable presumption of detention arises pursuant to 18 U.S.C. § 3142(e)(1)(2)).

Second, the weight of the evidence against Belton is strong, given that he was arrested with a loaded firearm within reach in his waistband. In addition to the drugs found in Belton's car and on his person, a magazine of ammunition for the pistol was found in his car. The fact that Belton has not also been charged with drug trafficking does not weigh against the strength of the evidence to support the felon in possession charge.

Third, Belton's history and characteristics show that he poses a serious risk of flight, although he was not on probationary status at the time of his arrest. Belton contends that he is not a flight risk on the grounds that he posted $230,000 bail in the state court criminal proceedings, based on the same conduct underlying the federal indictment for felon in possession of a firearm, and that he was released from custody subject to wearing an ankle monitor. Belton also indicates that his mother has put her car title up for collateral, and proffers that family members are willing to post unsecured bonds for his pretrial release. Belton's criminal history demonstrates, however, that his state probation has been revoked several times, as recently as 2007, and that several bench warrants were issued

by the state court. In matters before this court, defendant admitted to six supervised release violations in 2002, but failed to self-surrender, resulting the court's issuance of a no bail warrant for his arrest in January 2003.

Fourth, with respect to the nature and seriousness of danger posed by pretrial release, the government contends that Belton's release poses danger to the community, given his recidivism and ongoing participation in drug trafficking and carrying firearms, despite numerous felony convictions. The government asks the court to consider that the risk of violence commonly associated with drug trafficking, which Belton has demonstrated here by carrying a firearm and possessing ammunition, pose further danger to the community, which would not be alleviated by an ankle monitor or an unsecured bond signed by a family member. The current record reflects concerns about some risk of danger to the community, but this record does not rise to the level of clear and convincing evidence of danger to any person or the community such that no condition of release will reasonably assure the safety of the community.

Having considered Belton's criminal history, including firearms offenses which qualify him as a career offender, his failure to self-surrender, issuance of bench warrants and his prior probation revocations, the weight of the evidence against Belton, and the seriousness of the federal charges he is now facing, the court finds that the government has shown by a preponderance of the evidence that Belton presents a significant risk of nonappearance, despite the ankle monitor and willingness of his family to sign an unsecured bond. The court finds that the government has not demonstrated by clear and convincing evidence that Belton presents a danger to the community.

**IV.  CONCLUSION**

In light of the seriousness of the pending charges, the weight of the evidence, and Belton's criminal history, the government has demonstrated by a preponderance of evidence that no condition or set of conditions will reasonably assure Belton's appearance at trial if he were released. Belton's motion to revoke the detention order is therefore DENIED.

Accordingly, IT IS ORDERED that defendant shall remain in the custody of the Attorney General or a designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal; defendant must be afforded reasonable opportunity for private consultation with counsel; and on order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which defendant is confined must deliver defendant to a United States marshal for the purpose of an appearance in connection with a court proceeding.

**IT IS SO ORDERED.**

Dated: May 23, 2014

_____
PHYLLIS J. HAMILTON
United States District Judge