UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

MARCUS BELTON,

    Defendant.
_____/

No. CR 14-0030 PJH

**ORDER DENYING MOTION FOR SUBSTITUTION OF COUNSEL**

At his August 20, 2014 appearance for motion and trial setting, defendant again requested substitution of his attorney, Mr. Demeester, who was appointed only two days earlier. Mr. Demeester is the fourth CJA attorney selected to represent defendant. Unhappy with his first appointed attorney, Ms. Schwartz, defendant urged her to file a motion to withdraw, which was granted by the court for the reasons stated on the record. Later, unhappy with his second appointed counsel, Mr. Vaughns, defendant requested to represent himself. However, after being advised against doing so by the court and a continuance to complete a petition to proceed pro se, defendant changed his mind and decided he did want appointed counsel, just not Mr. Vaughns. Although defendant failed to establish an adequate basis for substitution of counsel, the court granted counsel's motion to withdraw, which had been filed at defendant's urging, for the reasons stated on the record. Defendant also rejected the court's offer to permit him to proceed pro se with the various motions he had filed pro se and then to provide counsel solely for plea negotiations and for trial. The court then terminated all of the motions defendant had filed pro se, and all of the motions filed by his prior attorneys, which he demanded be terminated.

The third attorney selected by the CJA coordinator, Mr. Goldrosen, appeared with defendant for identification of counsel, but his schedule (he was going to be out of the country for several weeks in September) did not meet with defendant's approval, and he thus declined to accept the appointment. Mr. Demeester was then appointed and appeared with defendant on August 20, 2014. The court conducted an in camera colloquy with defendant and defense counsel about the basis for defendant's request yet again for substitute counsel. Having found no basis for an irreconcilable conflict, the court denied defendant's motion to substitute counsel for the reasons stated on the record. *United States v. McKenna*, 327 F.3d 830, 844 (9th Cir. 2003). Moreover, the court found untenable defendant's insistence that because in a previous federal prosecution he had been appointed five different attorneys before he found one to his liking, he should be able to continue to search for the attorney of his choice.

Because defendant indicated again that he would prefer to proceed pro se rather than with appointed counsel and because defendant has persisted in acting against his own self interest, the court has concerns about defendant's ability to represent himself, his ability to consult with counsel with a reasonable degree of rational understanding and whether he has a rational as well as factual understanding of the proceedings against him. These concerns were raised first with and discussed with defendant's second appointed counsel, Mr. Vaughns, and have not dissipated. Accordingly, by separate order defendant will be required to undergo a mental examination to determine defendant's competence to stand trial and to assist in, and/or conduct, his own defense. Mr. Demeester remains counsel for defendant.

**IT IS SO ORDERED.**

Dated: August 21, 2014

_____
PHYLLIS J. HAMILTON
United States District Judge

2