UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　Plaintiff,<br>　　v.<br>MARCUS BELTON,<br>　　　　Defendant. | Case No. 14-cr-00030-JST-1<br><br>**ORDER 1) DENYING MOTION TO DISMISS COUNT ONE OF THE INDICTMENT 2) DENYING MOTION TO DISMISS THE SUPERSEDING INFORMATION FOR VINDICTIVE PROSECUTION**<br><br>Re: ECF Nos. 91, 92 |

Before the Court is Defendant Marcus Belton's motion to dismiss count of the superseding indictment, ECF No. 91, and motion to dismiss the superseding information on account of vindictive prosecution. ECF No. 92.

## I.　MOTION TO DISMISS COUNT ONE OF THE INDICTMENT

Belton moves to dismiss Count One of his indictment, which charges him with a violation of 18 U.S.C. § 922(g)(1), for being a felon in possession of a firearm. Belton contends that, since the time of his previous felony convictions, his civil rights have been restored under 18 U.S.C. § 921(a)(20) and that he is therefore no longer prohibited from possessing a firearm or ammunition under § 922(g)(1).

Belton's previous felony convictions include two federal convictions, including a conviction for a violation of 21 U.S.C. § 834(b) for which he was sentenced to 48 months imprisonment and a violation of 18 U.S.C. § 3146(a)(2). ECF No. 93 at 1. The Supreme Court has concluded that the restoration of civil rights provision of 18 U.S.C. § 921(a)(20) applies only "to restorations of civil rights by the convicting jurisdiction." Beecham v. United States, 511 US 368, 372 (1994). The Beecham Court acknowledged that, although many states have procedures for restoration of civil rights to convicted felons, there is no procedure for restoring civil rights or

the right to possess a firearm to a federal felon.  Id.  Belton has not presented any evidence demonstrating that his right to possess a firearm has been restored by the federal government. Belton's motion to dismiss count one is therefore denied.

## II.     VINDICTIVE PROSECUTION

To make a prima facie showing of vindictive prosecution, a defendant typically must show "that the prosecutor has re-indicted the defendant[] and increased the severity of the charge, after the defendant[] [has] exercised a statutory or constitutional right." United States v. Bendis, 681 F.2d 561, 568-69 (9th Cir. 1981) (citing United States v. Burt, 619 F.2d 831, 836 (9th Cir. 1980).

Belton notes that the Government brought a superseding indictment against him after he rejected a plea bargain offer.  The Ninth Circuit has held that, under controlling Supreme Court precedent, a defendant does not demonstrate that a prosecutor has acted vindictively where the prosecutor has "re-indict[ed] a defendant under a more severe charge after the defendant has rejected an offer to plead to a lesser charge." Burt, 619 F.2d 831, 836 (9th Cir. 1980) (citing Bodenkircher v. Hayes, 434 U.S. 357, 363-65 (1978)).  Therefore, the government's decision to increase the charges against Belton after he refused to accept a plea cannot form the basis for a vindictive prosecution claim.

Belton also argues that the federal prosecution is vindictive because he was originally charged in California state court, but then "was subject to a criminal complaint filed against him in federal court." ECF No. 92 at 9.  Although Belton does not point to an inciting exercise of a right that he claims triggers the federal Government's decision to prosecute him in addition to the state prosecution, he cites the Department of Justice's internal policy against duplication of prosecutions, sometimes referred to as the Petite policy. See United States v. Petite, 361 U.S. 529 (1960). The Petite policy is named after a Supreme Court case wherein the Court "remanded a case to the lower courts with instruction to dismiss the indictment against the defendant," because the Solicitor General felt the prosecution had violated the general policy of the federal government against multiple federal prosecutions or successive state-federal prosecutions for offenses arising out of the same transaction. United States v. Snell, 592 F.2d 1083, 1087 (9th Cir. 1979).  Even if Belton has made out a violation of the Petite policy, the Ninth Circuit has concluded that a

violation of the government's Petite policy does not entitle a defendant to a dismissal of an indictment, as "the Supreme Court has remanded cases because of the Petite policy only at the request of the Department of Justice." Id. "[T]he Petite policy is intended to be no more than self-regulation on the part of the Department of Justice" and "should not be enforced against the government." Id. at 1088 (citing United States v. Nelligan, 573 F.2d 251, 255 (5th Cir. 1978). Therefore, any alleged violation of the Petite policy by the Government in this case does not give rise to a claim of vindictive prosecution.

## CONCLUSION

For the foregoing reasons, Belton's motion to dismiss count one of the indictment and to dismiss the superseding information for vindictive prosecution are both DENIED.

**IT IS SO ORDERED.**

Dated: January 2, 2015

_____
JON S. TIGAR
United States District Judge