UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MARCUS BELTON,<br><br>Defendant. | Case No. 14-cr-00030-JST-1<br><br>**ORDER DENYING MOTION TO DISMISS FOR VINDICTIVE PROSECUTION; DENYING MOTION TO DISMISS FOR LACK OF PREDICATE OFFENSE; AND ORDERING UNITED STATES TO RESPOND TO MOTION FOR GRAND JURY INSTRUCTIONS AND GRAND JURY BALLOT**<br><br>Re: ECF Nos. 119, 120 |

The Court has received Defendant's motions captioned "Notice of Motion and Motion for Grand Jury Ballot and Number of Grand Jurors Concurring," ECF No. 118; "Notice of Motions to Dismiss for Vindictive Prosecution and Outrageous Government Conduct Reply Brief: And Notice of Motion and Motion for Grand Jurors Concurring Reply Brief," ECF No. 119; and "Notice of Motion and Motion for Dismissal No Predicate Offence Reply Brief," ECF No. 120.

ECF No. 118

The motion at Docket Number 118 seeks two forms of relief. First, as its title indicates, it seeks disclosure of the grand jury balloting concerning the Superseding Indictment. Second, it seeks disclosure of the instructions or charges given to the grand jury.

The Government is ordered to file a response to this motion by March 30, 2015. If the Government agrees to the requested relief, it should state by what date it will disclose the requested information. If the Government opposes the requested relief, it should address United States v. Diaz, 236 F.R.D. 470, 477-78 (N.D. Cal. 2006) (holding that instructions to the grand jury "do not fall within the bar of Rule 6(e) because their disclosure would not reveal the

substance or essence of the grand jury proceedings") and United States v. Fuentes, No. CR.S-07-0248 WBS, 2008 WL 2557949, at *4 (E.D. Cal. June 24, 2008) (same).

ECF Nos. 119 & 120

With one exception, the Court has already resolved these motions. The first motion seeks dismissal of the Superseding Indictment on the ground of government misconduct. The Court already denied Defendant's motion on this ground. ECF No. 104. The second motion seeks dismissal on the ground that Defendant cannot be charged with being a felon-in-possession because his civil rights were restored to him. The Court previously denied a motion on that ground. Id. Defendant does not raise new facts or law that could serve as a basis for a motion for reconsideration of either of these rulings.

The motion at ECF No. 119 also requests information about the grand jury ballot. To that extent, the motion duplicates the one at ECF No. 118. The Court will consider only ECF No. 118, as set forth above.

The motions at ECF Nos. 119 and 120 are denied.

**IT IS SO ORDERED.**

Dated: March 20, 2015

_____
JON S. TIGAR
United States District Judge

2