UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>MARCUS BELTON,<br><br>    Defendant. | Case No. 14-cr-00030-JST<br><br>**ORDER 1) DENYING MOTION FOR GRAND JURY TESTIMONY; AND 2) ORDERING IN CAMERA REVIEW OF GRAND JURY BALLOT AND 3) GRANTING MOTION FOR DISCLOSURE OF GRAND JURY INSTRUCTIONS**<br><br>ECF Nos. 116, 118 |

Before the Court is Defendant Marcus Belton's *pro se* motion for grand jury testimony, ECF No. 116, and motion for grand jury balloting and instructions. ECF No. 118.

### I.  Motion for Grand Jury Testimony

Defendant first seeks to compel the Government to produce testimony delivered before the grand jury that returned the indictment in his case. Defendant cites the Jencks Act, 18 U.S.C. § 3500, but this section only mandates disclosure of a witness's grand jury testimony after that witness has testified at a criminal trial. No witness has yet testified at trial in this matter. Moreover, the Government states that "it will be produce [sic] the grand jury testimony of any witnesses that it intends to call at trial." ECF No. 121 at 2.

Although not identified by Defendant, disclosure of grand jury materials before trial may be authorized under Federal Rule of Criminal Procedure 6(e)(3)(E)(ii) where a defendant "shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury." The defendant's burden is heavy because grand jury proceedings are entitled to a presumption of regularity. See, e.g., Hamling v. United States, 418 U.S. 87, 139 n. 23 (1974). "The standards the district court should follow when lifting the secrecy of grand jury proceedings are (1) that the desired material will avoid a possible injustice, (2) that the need for disclosure is

1    greater than the need for continued secrecy, and, (3) that only the relevant parts of the transcripts
2    should be disclosed." United States v. Plummer, 941 F.2d 799, 806 (9th Cir. 1991).

3          The facts as detailed in Defendant's motion are difficult to follow.  Defendant appears to
4    allege that ATF agent Vinton Johnson testified before the grand jury even though was not present
5    at the scene of the events he described.  ECF No. 116 at 3.  Defendant claims that the agent's
6    testimony "is untrue, incorrect, and has intentionally, recklessly misleading and significantly
7    impinged upon the Grand Jury's ability to exercise its independent judgment." Id.  Defendant
8    states that the Government withheld "information from the grand jury fact statements from
9    Oakland Police Department reports statement from Mr. Beal's telling the Oakland Police that he
10   did not receive any drugs from Mr. Belton, which gave, alleged probable cause of the invalid
11   search and seizure." Id.  The Court discerns that Defendant argues that he is entitled to disclosure
12   of grand jury transcripts because the Government presented the false testimony of an ATF agent
13   who was not present at the scene and the Government failed to present potentially exculpatory
14   evidence that would have contradicted that agent's testimony.

15         The Court first concludes that Defendant's allegation that the Government presented
16   hearsay to the grand jury does not entitle him to release of the grand jury transcripts.  Defendant
17   has failed to provide factual support to demonstrate that the grand jury heard hearsay testimony by
18   Johnson.  Even if Defendant were able to show facts demonstrating that Johnson presented
19   hearsay evidence before the grand jury, it would not be a ground for dismissing the indictment.
20   The Supreme Court has "declined to enforce the hearsay rule in grand jury proceedings,"
21   concluding that enforcement of the rule "would run counter to the whole history of the grand jury
22   institution, in which laymen conduct their inquiries unfettered by technical rules." United States
23   v. Williams, 504 U.S. 36, 50 (1992).

24         In contrast, there is some support for the proposition that the Government's knowing use of
25   *false* testimony before the grand jury could be a grounds for dismissal of an indictment.  See
26   United States v. Samango, 607 F.2d 877, 884 (9th Cir. 1979).  Nonetheless, Defendant has not
27   substantiated his allegation that the Government knowingly introduced false testimony before the
28   grand jury.  The Court cannot discern from Defendant's motion the basis for the factual claims

1 made therein and Defendant has not submitted an affidavit. Because Defendant has failed to
2 support his allegation that the Government knowingly offered false testimony to the grand jury,
3 Defendant has not met his burden of showing that "the need for disclosure is greater than the need
4 for continued secrecy." Plummer, 941 F.2d at 806.

To the extent that Defendant argues that the Government failed to present potentially exculpatory evidence to the grand jury, this claim, if true, would not support a motion to dismiss the indictment. The Supreme Court has held that failure to introduce such evidence before a grand jury is not grounds for the dismissal of an indictment. See generally, Williams, 504 U.S. 36.

Therefore, Defendant has not shown "that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury." Federal R. Crim. P. 6(e)(3)(E)(ii). Defendant's motion for grand jury testimony is denied.

## II.   Motion for Grand Jury Ballot

Belton moves to inspect the grand jury ballot in order to determine whether it is in compliance with Federal Rule of Criminal Procedure 6(f).[1] ECF No. 118 at 3. Federal Rule of Criminal Procedure 6(f) provides, in relevant part, that "a grand jury may indict only if 12 jurors concur." Fed. R. Crim. P. 6(f). The record of the number of grand jurors voting to indict "may not be made public unless the court so orders." Fed. R. Crim. P. 6(c). This rule "affirms that the well-established rule of grand jury secrecy . . . includes the voting record of the grand jurors." United States v. Deffenbaugh Indus., Inc., 957 F.2d 749, 756 (10th Cir. 1992) (internal quotations and citation omitted).

In Deffenbaugh, the Tenth Circuit held that defendants were not entitled to inspect the voting record where they had alleged "a right to know that the required twelve or more jurors voted to indict" under Rule 6(f) and "made vague allegations" that this information would enable them "to determine whether they should move to dismiss based upon lack of legal qualifications of individual jurors." Id. at 756. The Deffenbaugh court distinguished United States v. Bullock, wherein the Fifth Circuit had concluded in a brief opinion that a defendant may inspect the grand

---

[1] Belton incorrectly cites to Federal Rule of Criminal Procedure 7(f) in his motion. ECF No. 118 at 3.

3

1    jury voting records in order to determine whether the concurrences of the individual jurors were
2    genuine, as in that case the defendant had made a specific allegation that the record had been
3    improperly kept.  448 F.2d 728, 729 (5th Cir. 1971).  The Deffenbaugh court also observed the
4    Ninth Circuit's decision in United States v. Marshall, 526 F.2d 1349 (9th Cir. 1975), where a
5    defendant had been provided access to the grand jury voting record, but noted that in that case the
6    Government had offered voluntarily to allow the defendant to inspect the voting record.  Thus, the
7    Deffenbaugh court did not read Marshall "as endorsing the right of a defendant to a personal view
8    of the voting record of the grand jury" in all cases.  Deffenbaugh, 957 F.2d at 756, n. 7.

9    Because Belton has not made a specific allegation that the record was improperly kept in
10   this case, but has instead asserted a general right to inspection under Rule 6(f), this case is more
11   like Deffenbaugh.  The Court agrees with the Deffenbaugh court's conclusion that, in these
12   circumstances, the defendant has not met his burden of overcoming the presumption of grand jury
13   secrecy.  Likewise, the Government has not offered to permit inspection, as it did in Marshall.

14   Nonetheless, the Deffenbaugh court held that, even absent a showing of particularized
15   need, "defendants are entitled to the assurance of the district judge that the judge has inspected the
16   report and it contains twelve or more votes to indict."  Id. at 757.  Accordingly, the Court denies
17   Belton's motion to inspect the grand jury ballot at this time, but will order the Government to
18   produce the ballot for *in camera* review by the Court.

19   **III.    Motion for Disclosure of Grand Jury Instructions**

20   Lastly, Defendant moves the Court "to disclose the legal instructions that were given to the
21   grand jury on both indictments."  ECF No. 118 at 4.  Defendant relies upon United States v.
22   Stevens, 771 F. Supp. 2d 556, 567 (D. Md. 2011) (quotations and citation omitted), wherein a
23   District Court concluded that "where a prosecutor's legal instruction to the grand jury seriously
24   misstates the applicable law, the indictment is subject to dismissal if the misstatement casts grave
25   doubt that the decision to indict was free from the substantial influence of the erroneous
26   instruction."  Although Stevens does not address the mechanism by which the defendant elicited
27   the disclosure of the grand jury instructions, a number of courts have held the disclosure of
28   instructions and charges of the grand jury to be appropriate.  See United States v. Fuentes, 2008

4

1  WL 2557949, at *4 (concluding "the defendants are entitled to the transcript of the instructions
2  and charges to the grand jury" even without a showing of particularized need) (citing <u>United
3  States v. Alter</u>, 482 F.2d 1016, 1029, n. 21 (9th Cir.1973)); <u>United States v. Diaz</u>, 236 F.R.D. at
4  477-78 (noting disclosure of instructions "would not reveal the substance or essence of the grand
5  jury proceedings" and "poses no security threat to past, current or prospective jurors."); <u>United
6  States v. Jack</u>, No. CR S-07-0266 FCD, 2009 WL 435124, at *4 (E.D. Cal. Feb. 20, 2009).

7      The Ninth Circuit has stated that although "[t]he proceedings before the grand jury are
8  secret, [] the ground rules by which the grand jury conducts those proceedings are not." <u>Alter</u>, 482
9  F.2d at 1029, n. 21. The Government attempts to distinguish <u>Alter</u> by arguing that Defendant is
10 requesting "the specific legal instructions that were given to the grand jury in his case," which it
11 says "are not the general instructions that were at issue" in <u>Alter</u>. ECF No. 121 at 4. Although
12 other courts have distinguished <u>Alter</u> on this basis, see, e.g., <u>United States v. Morales</u>, No. CR. S-
13 05-0443 WBS, 2007 WL 628678, at *4 (E.D. Cal. Feb. 28, 2007), <u>United States v. Larson</u>, No.
14 07CR304S, 2012 WL 4112026, at *4 (W.D.N.Y. Sept. 18, 2012), the Court does not find their
15 analysis convincing. The legal instructions given to the grand jury regarding the charges on which
16 they are deliberating are a part of the "ground rules" by which the grand jury conducts its
17 proceedings. The instructions do not reveal the substance of the grand jury's deliberative process
18 or other information that would compromise the secrecy that Rule 6 seeks to protect. Therefore,
19 Defendant is entitled to disclosure of these instructions even without a showing of particularized
20 need. The Court therefore orders the Government to disclose to the Defendant the legal
21 instructions it gave to the grand jury.

## CONCLUSION

For the foregoing reasons, the Court hereby denies Belton's motion to disclose grand jury testimony. The Court orders the Government to turn over the grand jury ballot for *in camera*

/ / /
/ / /
/ / /

1  review.  The Court finally orders the Government to turn over the grand jury legal instructions.
2  These materials must be disclosed by April 28, 2015.
3      IT IS SO ORDERED.
4  Dated:  April 21, 2015

_____
JON S. TIGAR
United States District Judge