UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　Plaintiff,<br>　　v.<br>MARCUS BELTON,<br>　　　　Defendant. | Case No. 14-cr-00030-JST-1<br><br>**ORDER DENYING JUDICIAL COMPLAINT**<br><br>Re: ECF No. 142 |

　　　Currently before the Court is a document filed by Defendant Marcus Belton titled "Emergency and Urgent Notice of Motion of Judicial Complaint on Judge Jon S. Tiger [sic] investigation on Prohibited, Personnel Practices." ECF No. 142. The document does not cite any statutory authority for the filing of a judicial complaint.[1] The Court notes that there are at least two potential statutes under which a motion relating to complaints against a District Court judge could be filed.

　　　28 U.S.C. § 144 provides that "[w]henever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding." Nonetheless, Section 144 permits a challenged judge to rule on the legal sufficiency of the challenger's affidavit and does not require a judge to assign a recusal motion to another judge for hearing where the affidavit is insufficient. United States v. Azhocar, 581 F.2d 735, 738 (9th Cir. 1978). Because the facts alleged by Plaintiff are insufficient to justify recusal or disqualification,

---

[1] The filing invokes "Circuit Rule 27-3," which the Court discerns to be a Ninth Circuit rule regarding emergency or urgent motions before that court. That rule does not reference judicial complaints and, in any event, is not applicable to the current proceeding before the District Court.

the undersigned will rule upon the motion rather than undertaking the "cumbersome" step of referring the motion to another judge. Id. at 738. Defendant alleges that the undersigned "is well known by Judge Hamilton," who has entered an order of recusal in this case at ECF No. 73. ECF No. 142 at 2. Defendant also states that the undersigned "knows that I have filed complaints and that gives him motive to have an interest that could be substantially affected by the outcome of my proceedings." Id. These allegations are insufficient to suggest that the undersigned has a "personal bias or prejudice either against him or in favor of any adverse party." 28 U.S.C. § 144.

Another potential statutory basis for filing a judicial complaint is 28 U.S.C. § 455, which states that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned," and lists circumstances in which a judge shall disqualify themselves, including cases where the judge "has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding." Without elaboration, Defendant's motion alleges that the undersigned has "a personal fiduciary financial interest in the case." ECF No. 142 at 2. The undersigned has no financial stake in the outcome of this case, and no facts suggesting one are alleged in the Defendant's complaint. There is no other reason why the undersigned's "impartiality might reasonably be questioned." 28 U.S.C. § 455.

The Defendant's motion for an order of recusal is denied.

IT IS SO ORDERED.

Dated: May 20, 2015

_____
JON S. TIGAR
United States District Judge