Law Office of Peter A. Fitzpatrick, (SBN182893)
1000 Brannan Street, Suite #304
San Francisco, CA 94103
(415) 484-1270
Pdfitz22@gmail.com

Attorney for Defendant

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>MARCUS BELTON,<br><br>Defendant. | No. 14-CR-00030-001 JST<br><br>**DEFENDANT'S SENTENCING MEMORANDUM**<br><br>Date: 11/20/15<br>Time: 9:30 a.m.<br>Courtroom: 2 |

## I. INTRODUCTION

On June 29, 2015 Marcus Belton was found guilty by trial of a violation of 18 U.S.C. § 922 (g)(1), two violations of 21 U.S.C. § 860 (a) and a violation of 18 U.S.C. § 924 (c)(1)(A). The amount of drugs at issue are 8.5 gm of Marijuana, 5.7 gm of Cocaine, 1.62 gm of Methamphetamine, and 23.0 gm of cocaine base for a total of 38.82 grams. The jury found Mr. Belton was armed with a firearm while being a prohibited person during said possession for sale of the narcotics within a 1000 feet of a school.

The Presentence Investigation Report has determined that Mr. Belton is a career offender, ¶ 27, his criminal history computation is VI, ¶ 45, and his guidelines range under said designation is 460 months to life, ¶ 73. It is the defendant's position that a sentence of 36 years

for a 44 year old man, with no history of actual violence, grossly overstates the seriousness of the crimes for which he has been convicted. Further, such a draconian sentence does not serve to effectuate legitimate penal interests because it is in effect a life sentence for Mr. Belton.

## II. BACKGROUND

Mr. Belton appears before the Court with a life and criminal history that is well documented in the PSR. While undoubtedly his background shows a pattern of involvement with illicit narcotics and a 2007 weapons conviction, there is no reliable evidence that Mr. Belton has used actual violence to further his criminal conduct.

As noted in the PSR ¶ 57 he lost his father when he was fourteen years old and this appeared to negatively impact his behavior and lifestyle. Further, he reported that the loss of his half-brother Henry also significantly negatively impacted him. Most importantly, he's expressed a willingness to live a more productive, law-abiding life.

## III. APPLICABLE SENTENCING LAW

As was previously noted Mr. Belton was convicted after trial.

Probation Officer Mabie's recommendation given all of the above information, with a offense level of 34 and a criminal history of VI, is for the low term of the guidelines range or 460 months. This offense level does not include a downward departure or variance of any sort.

Sentencing courts have been instructed to consider the Guidelines within the context of all of those factors enumerated in Title 18 USC § 3553(a), and then hand down a sentence that is "not greater than necessary" to fulfill 3553(a)'s requirements. *United States v. Booker* 543 U.S. 220 (2005). Therefore, the Court must consider section 3553(a) in its entirety and impose a sentence "sufficient, but not greater than necessary, to comply with the purposes set forth in

paragraph (2) of this subsection." The court, in determining the particular sentence to be imposed under 3553(a), shall consider the following:

(1) The nature and circumstances of the offense and the history and characteristics of the Defendant;

(2) The need for the sentence imposed to do as follows,

> (a) to reflect the seriousness of the offense, promote respect for the law and provide just punishment for the offense;
>
> (b) to afford adequate deterrence to criminal conduct;
>
> (c) to protect the public from further crimes of the Defendant; and,
>
> (d) to provide the Defendant with needed education or vocational training, medical care or other correctional treatment in the most effective manner.

**IV. A SENTENCE SUFFICIENT, BUT NOT GREATER THAN NECESSARY**

Under the "nature and circumstances of the offense," Mr. Belton requests that the Court consider that his involvement in the present offense, again involving possession of 30.32 grams of narcotics and 8.5 grams of marijuana for the purpose of sales while armed with a firearm within 1000 feet of a school, doesn't warrant what is in effect a life sentence. A thirty-six year sentence for possession for sale of narcotics, while armed with a firearm, without actual violence grossly overstates Mr. Belton's culpability for the conduct he has been convicted of and is greater than necessary to fulfill the penal goals of a just and civilized nation. Accord, the Sentencing Commission in its recent amendment submissions to the Congress, has recognized that drug offenses are "over punished."[1]

---

[1] Available at http://www.ussc.gov/sites/default/files/pdf/amendment-process/reader-friendly-amendments/20140430_RF_Amendments.pdf

But for the career offender designation, Mr. Belton would be facing a guideline range of approximately one half that which he currently faces or approximately eighteen years. At eighteen years, without the career offender enhancement, the guidelines range incorporates punishment for the prohibited conduct, namely possessing for sale the narcotics while armed with a firearm within a thousand yards of a school.

In eighteen years Mr. Belton would be a sixty two year old man on supervised release.

A sentence of eighteen years would meet all the goals of 2 (a)-(d) in that it would definitely reflect the seriousness of the offense, promote respect for the law and provide a *just (emphasis added)* punishment for the offense. Further, a sentence of eighteen years for crime not involving actual violence sends a strong signal to the community that this conduct will not be allowed and it protects the public in that Mr. Belton would be incarcerated until he is a senior citizen.

While it is undisputed that Mr. Belton has a regrettable criminal history, there is no reliable showing that he has ever used actual violence to further his criminal exploits.

Mr. Belton posits that a sentence of 460 months incarceration fails to accomplish legitimate goals of a civilized criminal justice system and respectfully requests the Court to vary from the Probation Officers recommendation and sentence him to a term of no more than eighteen years.

Respectfully submitted this 13th day of November, 2015.

_____
PETER A. FITZPATRICK
Counsel for Defendant Marcus Belton

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was served upon:

Manish Kumar

450 Golden Gate Ave, Eleventh Floor
San Francisco, CA 94102
<manish.kumar2@usdoj.gov>

"Milder, Tai" <Tai.Milder@usdoj.gov>
Assistant United States Attorney
450 Golden Gate Ave, Eleventh Floor
San Francisco, CA 94102

Charlie Mabie U.S. Probation Officer San Francisco, CA
<charlie_mabie@canp.uscourts.gov.>

by e-mail.

This the 13th day of November, 2015.

Peter Fitzpatrick
CJA Appointed Attorney
Attorney for Defendant
1000 Brannan Street, Suite 304
San Francisco, CA 94103
Telephone: 415 484-1270
Fax: 415 795-1570
E-mail: Peter@PAFLAW.com
CA State Bar No. 182893