Law Office of Peter A. Fitzpatrick, (SBN182893)
1000 Brannan Street, Suite #304
San Francisco, CA 94103
(415) 484-1270
Pdfitz22@gmail.com

Attorney for Defendant

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

|  |  |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>Marcus Belton,<br>    Defendant. | No. 4:14-cr-00030-JST<br><br>**REPLY TO UNITED STATE'S SENTENCING MEMORANDUM** |

  The Government concurs with the Probation Officer's recommendation for a sentence of the low-end of the guidelines range of 360 months (U.S.' Sent. Mem. hereinafter SNM @ pg 1: 24-27). In essence, it appears at least from the defense's position, that the Government's reasoning is that a 36 year sentence reflects a reasonable and just disposition for a 44 year old man with the prior criminal record of Mr. Belton when weighed with the crimes for which he has been convicted after jury trial.

  The defense again posits that 180 months or 18 years is an eminently sufficient sentence to penalize Mr. Belton for his life history and the current crimes for which he's been convicted. As previously noted should Mr. Belton be imprisoned for 18 years he will leave prison a senior citizen; eighteen years is certainly not an inconsequential amount of time.

The Government urges what is in effect a life sentence for Mr. Belton, given his past criminal history, because in the crimes for which he was convicted he was armed and selling addictive drugs at approximately 5:30 p.m. within a 1000 feet of a school and as such they argue his actions placed the community in which he was doing his miseeds in danger. SNM 4:16-17. The Government notes that nearly 5,000 individuals died in 2013 from cocaine-related overdoses. SNM 5:1 Using this data to promote a sentence of 36 years selectively disregards that of the one in five deaths that occur yearly in the United States can be attributed to tobacco[1] which is subsidized by the Government;[2] or alcohol which can be attributed to one in 10 yearly deaths among working-age adults aged 20-64 [3] and is similarly sanctioned by the Government. This information is not set forth to attempt to disregard the culpability for which Mr. Belton is to be sentenced. Rather it is respectfully proffered in the hope to put into perspective the realities of our society in relation to the Government's argument.

Further, the Government seeks to buttress their position by alluding to uncharged prior acts of conduct in 2004 and 1993 respectively. Mr. Belton hereby notes his objections to the Government's use of materials which lack sufficient reliability to base sentencing decisions on.[4]

Finally, the Government argues that a sentence of 36 years is "just and reasonable" because it would promote respect for the law, punishment, deterrence and it would preclude an unwarranted sentencing disparity among similarly situated defendants.

What is in effect a life sentence for a crime that did not involve violence by a defendant who has no salient convictions for violence would have the opposite of affect of promoting

---

[1] http://www.cdc.gov/tobacco/data_statistics/fact_sheets/health_effects/tobacco_related_mortality/

[2] http://www.ewg.org/agmag/2013/05/tobacco-subsidies-are-smoking-gun

[3] http://www.cdc.gov/alcohol/fact-sheets/alcohol-use.htm

[4] Thus, a trial court violates a defendant's due process rights by relying upon materially false or unreliable information at sentencing. *United States v. Kerr*, 876 F.2d 1440, 1445 (9th Cir. 1989) (citing *United States v. Ruster*, 712 F.2d 409, 412 (9th Cir. 1983)). Such reliance on materially false or unreliable information constitutes an abuse of sentencing discretion as well. *United States v. Petty*, 982 F.2d 1365, 1369 (9th Cir.), *amended on denial of reh'g*, 992 F.2d 1015 (1993), *cert. denied*, 510 U.S. 1040 (1994); *accord United States v. Ayers*, 924 F.2d 1468, 1481 (9th Cir. 1991) (as amended).

respect for the law, punishment, and deterrence. Such a sentence makes no distinction between crimes of actual violence and poverty crimes such as the drug crimes at Bar. Such a sentence could have the exact opposite effect because it might discretely signal to criminals they have nothing to lose by committing an act of violence if there is no distinction in sentencing between acts of actual violence and nonviolent drug crimes.

The Government proffered the USSC 924 (c) quickfacts section on Firearms Offenses for the statistical underpinnings of their argument that a Guidelines sentence in this case would not create unwarranted sentencing disparities among similarly situated defendants. SNM 7:16-17. What information is missing from the proffered statistics are the undisputed facts that the U.S. has 5% of the World's population but 25% of the world's prisoners, that African Americans constitute nearly 1 million of the total 2.3 million incarcerated population but less than a quarter of the U.S. population.[5] Accordingly, without knowledge of the racial makeup of the defendants within the statistics proffered and knowing that African Americans make up a disproportionate amount of the incarcerated population this argument fails for insufficiency.

As stated previously Mr. Belton respectfully submits that his life and criminal history do warrant a departure from the U.S.' and probation officer's recommendation for a thirty six year sentence. Again, there is no reliable information substantiating actual violence in Mr. Belton's past.

The Court has inherent authority to determine the reasonableness of Mr. Belton's sentence under Booker and it's progeny. Before imposing a sentence, a district court must "(1) correctly calculate the Sentencing Guidelines range; (2) treat the Guidelines as advisory; (3) consider the 18 U.S.C. § 3553(a) factors; (4) choose a sentence that is not based on clearly erroneous facts; (5) adequately explain the sentence; and (6) not presume that the Guidelines range is reasonable." *United States v. Blinkinsop*, 606 F.3d 1110, 1114 (9th Cir. 2010) *United States v. Vasquez-Perez* 742 F.3d 896, 900. (9th Cir. 2014).

---

[5] http://www.naacp.org/pages/criminal-justice-fact-sheet

Under 18 U.S.C. § 3553(a), the district court shall "impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth" in § 3553(a)(2). This provision, also known as the "parsimony principle" or "'parsimony clause,'" "is a guidepost, an overarching principle that directs judges in the appropriate exercise of their sentencing discretion within the sentencing range authorized and consideration of factors prescribed by Congress." *United States v. Chavez*, 611 F.3d 1006, 1010; *United States v. Rosales-Gonzales* (9th Cir. 2015) 2015 U.S. App. LEXIS 16457; 801 F.3d 1177.)

The Court has inherent authority to fashion a sentence based upon its' belief in what is fair and just.  Accord:  *U.S. v. Cruz-Rodriguez*, 541 F.3d 19 (1st Cir 2008) (judge varied 60 months below guideline minimum for two counts in drug trafficking conspiracy to avoid penalizing Cruz twice for possessing a firearm - first by enhancing the first two counts for possessing a firearm while part of the drug conspiracy (USSG §2D1.1(b)(1), and second by imposing a consecutive 60 month sentence for a third count of possessing a firearm in a school zone pursuant to 18 U.S.C. §924(a)(4)); *U.S. v. Jones*, 460 F.3d 191 (2d Cir. 2006) (where defendant convicted of felon in possession and possession of firearm and guidelines were 36 months, district court properly imposed non guideline sentence of 15 months when he considered his own sense of what was fair and just. "Although the sentencing judge is obliged to consider all of the sentencing factors outlined in section 3553(a), the judge is not prohibited from including in that consideration the judge's own sense of what is a fair and just sentence under all the circumstances. That is the historic role of sentencing judges, and it may continue to be exercised, subject to the reviewing court's ultimate authority to reject any sentence that exceeds the bounds of reasonableness." Cited by *United States v. Chavez*, 611 F.3d 1006, 1010 (9th Cir. 2010).

In determining substantive reasonableness, reviewing Court's consider the "totality of the circumstances," including the degree of variance for a sentence imposed outside of the Guidelines range, giving "due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *United States v. Carty*, 520 F.3d 984, 993 (9th Cir.

2008)(en banc)(quoting *Gall v. United States*, 552 U.S. 38, 51, 128 S. Ct. 586, 169 L. Ed. 2d 445 (2007)), *United States v. Jenkins* (9th Cir. 2011) 633 F.3d 788, 809.

For the reasons heretofore stated Mr. Belton respectfully requests the Court to impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth" in § 3553(a)(2). Accordingly, requests the Court impose a sentence no greater than 18 years.

Respectfully submitted this 18th day of November, 2015.

Respectfully submitted,

_____
PETER A. FITZPATRICK
Counsel for Defendant Marcus Belton

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was served upon:

Manish Kumar <manish.kumar2@usdoj.gov>
450 Golden Gate Ave, Eleventh Floor
San Francisco, CA 94102


"Milder, Tai" <Tai.Milder@usdoj.gov>
Assistant United States Attorney
450 Golden Gate Ave, Eleventh Floor
San Francisco, CA 94102


Charlie Mabie U.S. Probation Officer San Francisco, CA
<charlie_mabie@canp.uscourts.gov.>


by e-mail.

This the 18th day of November, 2015.

Peter Fitzpatrick
CJA Appointed Attorney
Attorney for Defendant
1000 Brannan Street, Suite 304
San Francisco, CA 94103
Telephone: 415 484-1270
Fax: 415 795-1570
E-mail: Peter@PAFLAW.com
CA State Bar No. 182893