UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>   Plaintiff,<br> v.<br>MARCUS BELTON,<br>   Defendant. | Case No. 14-cr-00030-JST-1<br><br>**ORDER TO SHOW CAUSE; DENYING REQUEST FOR APPOINTMENT OF COUNSEL**<br>Re: ECF No. 263 |

## I. ORDER TO SHOW CAUSE

Defendant Marcus Belton, a federal prisoner proceeding pro se, has filed a motion under 22 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody. ECF No. 263. Because the "files and records of the case" do not "conclusively show that the prisoner is entitled to no relief," the Government must show cause why relief should not be granted. 28 U.S.C. § 2255.

Accordingly, it is hereby ORDERED that on or before **August 13, 2018**, the Government shall file and serve an answer showing cause why this Court should not issue a writ of habeas corpus. The Government's answer shall conform in all respects to Rule 5 of the Rules Governing § 2255 cases. Additionally, the Government shall file and serve with its answer a copy of all portions of the administrative record that have been transcribed previously and that are relevant to a determination of the issues presented by the motion. The Government may also expand the record, where appropriate, under Rule 7.

It is FURTHER ORDERED that if Belton wishes to respond to the answer, he shall do so by filing a reply with the Court on or before **September 27, 2018**.

## II. MOTION TO APPOINT COUNSEL

Also before the Court is Belton's motion for appointment of counsel. ECF No. 263 at 100-103. The Sixth Amendment's right to counsel does not apply in habeas actions. *Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986). Pursuant to statute, however, a district court is authorized to appoint counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require and such person is financially unable to obtain representation." *See* 18 U.S.C. § 3006A(a)(2)(B). Belton requests counsel because he is "unlearned in the law and the complex issues of his case, he is not competent to represent himself orally or in the written pleadings," and because he "is not a lawyer." ECF No. 263 at 101.

The interests of justice do not require appointment of counsel at this stage of the case. Petitioner clearly presented his claims for relief in the petition and an order to show cause is issuing. *See Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir. 1984) (although petitioner had no background in law, denial of appointment of counsel within discretion of district court where petitioner clearly presented issues in petition and accompanying memorandum). The Court will appoint counsel on its own motion if an evidentiary hearing is later required. *See Knaubert*, 791 F.2d at 728 (appointment of counsel mandatory if evidentiary hearing is required). Accordingly, Belton's motion for appointment of counsel is DENIED. Should Belton require extra time to prepare his reply, he may file a motion for an extension of time. Any motion for an extension of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

**IT IS SO ORDERED.**

Dated: June 28, 2018

_____
JON S. TIGAR
United States District Judge