

FILED
JUL 22 2019
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA
OAKLAND OFFICE

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| United States Of America<br>plaintiff,<br><br>v.<br><br>Marcus Belton<br>Defendant. | ) Crim. Case No. 14-CR-00030-JST.<br>) Civil.Case No. 18-CV-03595-JST.<br>) THIS MOTION IS FILED INCONJUNCTION<br>) WITH DEFENDANT'S OPPOSITION AND<br>) REPLY TO THE GOVERNMENT'S RESPONSE<br>) TO THE DEFENDANT'S 28 U.S.C. §2255<br>) MOTIONS BRIEF, THIS MOTION IS<br>) BASED ON A NEW SUBSTANTIVE RULING<br>) THAT CAME DOWN FROM THE SUPREME<br>) COURT DEALING WITH "STATUTES"<br>) 922(g), AND 924(c) BEING<br>) "UN-CONSISTITUTIONALLY VAGUE"<br>)<br>) |

Incorporated By Certified Mail Recepit # 7018 0680 0000 3350 0681, July 17, 2019.

Now comes, Defendant/Movant, Marcus Belton in pro se hereby do request by and through collateral order doctrine, that his sentence dealing with statutes 922(g), and 924(c) be reviewed by "stare decisis doctrine" following the cited cases, <u>United States v. Davis</u>, (No. 18-431))S. Ct. June 24, 2019. <u>Rehaif v. United States,</u> (No. 17-9560) S. Ct. June 21, 2019). <u>Shular v. United States,</u>(No. 18-662) (S. Ct. cert. granted June 28, 2019). prior convictions that are crimes of violence "<u>or</u>" <u>serious controlled substance offense</u>, not State statutes "<u>one year and a day</u>" but, Federal statutes offenses (meaning at least a 10- year sentence).

Authored by the Honorable Justice Gorsuch, In our constitutional order, a vague law is no law at all. Only the people's elected repesentatives in congress have the power to write new federal criminal laws. And when congress exercises that power, it has to write "statutes" that give ordinary people "<u>fair warning</u>"

1

about what the law demands of them. Vague laws transgress both of those constitutional requirements. They hand off legislature's responsibility for definding criminal behavior to unelected prosecutors and judges, and they leave people with no sure way to know what consequences will attach to their conduct.

when congress passed a vague law, the role of courts under our Constitution is not to fashion a new, clearer law to take it's place, but to treat the law as a nullity and invite congress to try again.

today we apply these principales to 18 U.S.C. § 924(c). That statute threatens long prison sentences for anyone who uses a firearm in connection with certain other federal crimes. But which other federal crimes? The statute's residual clause points to those felonies "that by [their] nature, involv[e] a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." §924(c)(3)(B). Even the Government admits that this language, read in the way nearly everyone (including the Government) has long understood it, provides no reliable way to determine which offenses qualify as crimes of violence and thus is unconstitutionally vague. So today the Government attempts a new alternative reading designed to save the residual clause. But this reading, it turns out, cannot be squared with the "statute's text", and history. were we to adopt it, we would be effectively stepping outside our roles as judges and writing a new law rather than applying the one congress adopted.

2

After the Fifth Circuit vacated Mr. Glover's convictions and sentences on one of the two §924(c) counts at issue, both men sought rehearing and argued that the court should have vacated their sentences on all counts. In response, the government conceded that, if §924(c)(3)(B) is held to be vague, then the defendants are entitled to a full resentencing, not just the more limited remedy the court had granted them. The Fifth Circuit has deferred ruling on the rehearing petitions pending our decision, so we remand the case to allow the court to address those petitions. The judgment below is affirmed in part and vacated in part, and the case is remanded for further proceedings consistent with this opinion.

The supreme Court decision in <u>Rehaif v. United States</u>,(No. 17-9560) (S. Ct. June 21, 2019). Although the majority presents it's decision as modest, its practical effects will be far reaching and cannot be ignored. Tens of thousands of prisoners are currently serving sentences for violating 18 U.S.C. §922(g). It is true that many pleaded guilty, and for most direct review is over. nevertheless, every one of those prisoners will be able to seek relief by one route or another. Those for whom direct review has not ended will likely be entitled to a new trial. Others may move to have their convictions vacated under 28 U.S.C. §2255, and those within the statute of limitations will be entitled to relief if they can show that they are actually innocent of violating §922(g), which will be the case if they did not know that they fell into one of the categories of persons to whom the offense applies. if a prisoner

asserts that he lacked that knowledge and therefore was actually innocent, the district courts, in a great many cases, may be required to hold a hearing, order that the prisoner be brought to court from a distant place of confinement, and make a credibility determination as to the prisoner's subjective mental state at the time of the crime, which may have occurred years in the past. This will create a substantial burden on lower courts who are once again left to clean up the mess the Court leaves in its wake as it moves on to the next statue in need of "fixing."

The majority today opens the gates to a flood of litigation that is sure to burden the lower courts with claims for relief in a host of cases where there is no basis for doubting the defendant's knowledge.

(1) The government "must prove" that you knowingly possessed a "specified firearm" or "ammunition" in this case there weas no compelling federal interest the firearm was not a fully automatic nor did it have a silencer attached. Nor was the ammunition armor piercing or a abbreviated serial number.
(2) Nor did the government prove that I was buying, traiding or selling firearms, without a license.
(3) Nor did the government prove that the firearm traveled by interstate commerce, the gun in this case at bar was last legally sold in Carson, California. So there is no interstate commerce.
(4) The government cannot prove that I knowingly knew the punishment intailed in the element statute of §922(g), or §924(c). The above issues must be reviewed by and through collateral order doctrine dealing with the statutes, priors, and elements.

4

The issues "must" be re-viewed by and through "stare decisis doctrine" on findings of fact, to avoid misleading trier of facts see <u>Phoenix Associates III v. Stone,</u> 60 F. 3d 95, 102 (2nd Cir 1995).

The issues of misunderstanding or distortion dealing with the 922 (g), and 924 (c) statutes can only be averted through presentation of the ipso facto relevant elements of the statutes dealing with 922 (g) and 924 (c) arguments that are now Supereme Court decisions, law of the land. Ipso Facto relevant and therefor admissible. (Quoting <u>Beech Aircraft Corp. v. reiney</u>, 488 U.S. 153, 174, 109, S. Ct. 439 102 L. Ed 445 (1988)).

Again the Federal Agent's and Government Employees were completly without original jurisdiction to try any criminal case in particular the Case No. 4:14-CR-00030-JST. At bar Id in the 2255 Motions Brief Affidavit, Exhibits, Attachments A, B, C, Attachment B subject-matter and Territorial jurisdiction. To try any criminal case [28 U.S.C. § 535, 29 U.S.C. § 1330-1451, and 26 U.S.C. § 7402 or any criminal venue [28 U.S.C. § 1391-1421] No Jurisdiction was obtained by virtue of an original State case transfer to the U.S. District Court [28 U.S.C. § 1441-1451]. The U.S. District Court, Mis-States, the Jurisdiction issues the sovereign with the greates interest must proceed first if not the jurisdiction on that sovereignty will fail, thus implacating the double jeopardy issues.



STATE OF CALIFORNIA      )
                         )
COUNTY OF SANTA BARBARA   )
_____)

### AFFIDAVIT/DECLARATION

Affidavit Of Marcus Belton
I, Marcus Belton., after being
"duly" sworn, deposed and say as follows

This Affidavit/Declaration is in support of a new substantive ruling that came down from the Supreme Court, dealing with "STATUTES" 922(g), And 924(c) being "Un-Consistitutionally VAGUE"; Also the clear facts Id in the records at Belton's trial, Id at document 185, filed on 6/29/15. Page 7 of 28, SER01160, see the court at lines 5 through 8. "Stating": Do the you contend now that the evidence in this case is sufficient to support a conviction that relies on the jury finding that the defendant used a firearm within the meaning of section 924 (c)(1)?.

See the Government's Attorney Mr. Kumar: Id at document 185, filed on 6/29/15. Page 7 of 28, SER01160. At lines 9 through 12. Stating "Your Honor, I haven't fully researched the issue, but based on--based on the initial research that your Honor was kind enough to share with the parties, I would say that the evidence would not support that theory.

Now see Mr. Fitzpatrick comitting ethical violations, combined with <u>Louisiana v. McCoy</u>, issues. Id at document 185, filed on 6/29/15. page 7 of 8, SER01160. The above issues are exhibit A of this Motion. See exhibit B, Id at document 185, filed on

Incorporated By Certified Mail Recepit # 7018 0680 0000 3350 0681, July 17, 2019.

1

6/29/15. Page 5 of 28, SER01158. At lines 18 through 24. Mr. Fitzpatrick states "Regarding Mr. Belton reaching for his waist". That would be a use, in my interpertation of the evidence, defending and arguing the case.

So now we have a "clear picture of Mr. Fitzpatrick's intent to help the court, and the Government's cause in getting a conviction on the more sever charges dealing with the 924 (c)(1) issues. Or could it be that Mr. Fitzpatrick was telling the truth when he told the court, that he did not understand federal policy or procedure Id at page 265 lines 9 through 17, at exhibit H, in Belton's 2255 Motions Brief. The above issue can be Id at exhibit C.

This matter was excuted and submitted on July 8, 2019.

/s/ Marcus Belton
Marcus Belton
Reg # 98903-011.

2

The Federal Agent's and Government Employees were completely without original jurisdiction to try any criminal case in particular the case No. 4:14-CR-00030-JST-1. At bar. Id in the 2255 Motion's Brief Affidavit, Exhibits, attachments A, B, C. Attachment B subject-matter and Territorial Jurisdiction. To try any criminal case [see: 28 U.S.C. §525, 29 U.S.C. § 1330-1451 and 26 U.S.C. § 7402] or any criminal venue [28 U.S.C. § 1391-1421]. No Jurisdiction was obtained by virtue of an original state case transferred to the United States District Court [28 U.S.C. § 1441-1451].

Upon Motion of the Defendant, now Petitioner. See Title 28 U.S.C. §1446. "Federal Courts are not Courts of general Jurisdicition; and they have only the power authorized by Article III of the Constitution and the statutes connected by Congress presumed thereto." See **Bender v. Williamsport Area School District,** 475 U.S. 542 89 L. Fd. 2d 501, 511, 504 n.2 106 S. ct 1326 (1986).

This Court is **"Duty-Bound"** under it's Oath, 28 U.S.C. §453 and Article VI, clause 2, Constitution for the United States of America to Immediately vacate sentence and release Petitioner, ordering all court fines and assessment fees cancelled forthwith, and release the order of the court to Myself-Marcus Belton.

3

I, Marcus Belton, am the party involved in the actions stated above and I do give consent to show the documents in My case proceedings Id at bar case No. 4:14-CR-00030-JST-1.

I, Marcus Belton, do reside at 3901 Klein Blvd. Lompoc CA 93436. In the name and Authority of the People of California, I, Marcus Belton, Justice hereby, Attest, Affirm, and Acknowledge in Law of Necessity before the People of California nd the remaining States, and Probate Justices' of the Quorum this foreign Law Affidavit is true, correct, certain, Signed under penalty of Law by My had and "Seal" this 8th day of the seventh month in the year of our Savior, **Yashua**, two thousand and Nineteen, Annot Domini.

Lex loci delicti, Custodia legis quo ad Hoc loci, Alamenda County de jure lex fori.

ATTESTATION _Marcus Belton_
   Marcus Belton, Justice
       "without prejudice"
    Quo ad Hoc lodged

Acknowledgement: _Marcus Belton_
   Marcus Belton, Justice of the peace
   ex officio clerk, amanuesis

cc: Justice: Court

[Seal: JUSTICE COURT IN AND FOR ALAMEDA COUNTY — LEX CUSTODIA SEAL]

Incorperated By Certified Mail Recepit # 7018 0680 0000 3350 0681, July 17, 2019.

Exhibit A

**EXHIBIT A**

Case 4:14-cr-00030-JST   Document 313   Filed 07/22/19   Page 11 of 16
Case 4:14-cr-00030-JST   Document 185   Filed 06/29/15   Page 7 of 28   827
PROCEEDINGS

1  employment.

2       The Government also agrees with your Honor's comments that
3  that language probably didn't need to be in the instruction in
4  the first instance.

5       THE COURT: Do you contend now that the evidence in
6  this case is sufficient to support a conviction that relies on
7  the jury finding that the defendant used a firearm within the
8  meaning of Section 924(c)(1)?

9       MR. KUMAR: Your Honor, I haven't fully researched
10 the issue, but based on -- based on the initial research that
11 your Honor was kind enough to share with the parties, I would
12 say that the evidence would not support that theory.

13      THE COURT: Mr. Fitzpatrick?

14      MR. FITZPATRICK: Thank you, your Honor.
15      The Government elicited the testimony of, I believe it was
16 Officer Zhou.

17      THE COURT: Yes.

18      MR. FITZPATRICK: Regarding Mr. Belton reaching for
19 his waist. That would be a use, in my interpretation of the
20 evidence, and that was the position the defense took with
21 regards to defending and arguing the case. McCoy 135%

22      THE COURT: And so you are, therefore, I gather,
23 requesting that the Court not withdraw that portion of the
24 instruction?

25      MR. FITZPATRICK: I'm sorry? Did you say --

Debra L. Pas, CSR, CRR, RMR, RPR
Official Reporter - U.S. District Court - San Francisco, California
(415) 431-1477

Exhibit B

**EXHIBIT B**

```
 1   other cases that have cited Bailey, it becomes very clear that
 2   mere possession by itself is not enough to establish use.
 3   Possession is not use.  And I would cite United States versus
 4   Perez, 129 F.3d 1340 at Page 1342, a Ninth Circuit case from
 5   1997.  Similarly, States versus French, 94 F.3d 653, Ninth
 6   Circuit 1996.  And all these cases rely on Bailey.
 7        The French Court said:
 8            "A defendant does not use a firearm by placing it
 9        near drugs to provide a sense of security or to
10        embolden.  Mere possession for protection does not
11        constitute use."
12        Later on the same Court said:
13            "The Government misinterprets the holding of
14        Bailey.  The Supreme Court explained that if the gun
15        is not disclosed or mentioned by the offender, it is
16        not actively employed and it is not used."
17        So anyway, I -- I'll hear from the parties, but my own
18   tentative view is that it was -- it was an error for the Court
19   even to give the optional paragraph of instruction 8.71 with
20   regard to use because it's not even the government's theory in
21   the case.  The government's theory in the case is that the
22   defendant carried a firearm in connection with a crime.
23        And so I had a little more research to do, but I didn't
24   want to keep the parties waiting.  That's as far as I've
25   gotten.
```

Exhibit C

**EXHIBIT C**

1  might not be in the Court's consideration?  But, this is going
2  to kind of ruin me within the federal CJA defendant panel in
3  terms of -- you know what I'm saying?  I'm not --
4          THE COURT:  In what way?
5          MR. FITZPATRICK:  Well, you know, I can walk into the
6  Sheriff's Department at 850, and people respect me, and they
7  know me.
8          THE COURT:  Yes.
9          MR. FITZPATRICK:  I'm new here, which you can
10 obviously see, because a lot of times I don't know the policies
11 and procedures as well as I would like.
12         But once Mr. Belton goes back in and says "My lawyer
13 ratted me, and they restrained me, and they did this" --
14         THE COURT:  I see.
15         MR. FITZPATRICK:  -- I'm going to be ruined going
16 forward.  It's going to be impossible to have any sort of trust
17 with clients.
18         So I hope that we could maybe fashion something that
19 protects my safety, but allows my dignity to go forward
20 vis-à-vis being able to represent people, which is what I like
21 to do.
22         THE COURT:  Yes.  I'm not going to -- at the moment,
23 my -- my main concern is for your physical safety, as opposed
24 to anything else.  So it's not a question at the moment of my
25 needing to worry about other members of the public or other

Case 4:14-cr-00030-JST   Document 313   Filed 07/22/19   Page 16 of 16



**U.S. Postal Service™ CERTIFIED MAIL® RECEIPT**
Domestic Mail Only

Marcus Belton
98903-011

OFFICIAL USE

Certified Mail Fee: $ 3.50    F-Unit

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)         $ _____
☐ Return Receipt (electronic)       $ _____    Postmark
☐ Certified Mail Restricted Delivery $ _____    Here
☐ Adult Signature Required          $ _____
☐ Adult Signature Restricted Delivery $ _____

Postage: $ 1.45
Total Postage and Fees: $ 4.95

Sent To: Clerk, Susan Y. Soong, U.S. Dis. Court
Street and Apt. No., or PO Box No.: 1301 Clay ST.
City, State, ZIP+4®: Oakland, CA. 94612.

PS Form 3800, April 2015 PSN 7530-02-000-9047    See Reverse for Instructions

7018 0680 0000 3350 0681

Marcus Belton, Reg # 98903-011.
United States Penitentiary-Lompoc.
3901 Klein Blvd.
Lompoc, CA. 93436.

⇔98903-011⇔
U.S Court District Clerk
Suite 400 South.
1301 CLAY ST
Oakland, CA 94612
United States

6/18/19.

"Legal Mail"