**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

Oakland Division



FILED

AUG 09 2019

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA
OAKLAND OFFICE

| | |
|---|---|
| United States Of America,<br>　　　　plaintiff<br><br><br><br><br><br>　　　　　v.<br><br><br><br><br>Marcus Belton<br>　　　　Defendant | ) No. 14-CR-00030-JST<br>) No. 18-CV-03595-JST<br>) SUPPLEMENTAL BRIEF, NEW SUBSTANTIVE<br>) RULING THAT CAME DOWN FROM THE<br>) SUPREME COURT, DEALING WITH STATUTES<br>) 922(g)(1), AND 924(c) BEING "UN-<br>) CONSISTITUTIONALLY VAGUE, DEALING<br>) WITH A FUNDAMENTAL DEFECT CAN BE RAISED<br>) ANY TIME, CITING <u>UNITED STATES V.</u><br>) <u>Pheaster</u>, 544 F.2d 353, 361 (9th Cir.<br>) 1976). (Fed. R. Crim. P. 12(b)(2)(A<br>) MOTION THAT THE COURT LACKS<br>) JURISDICTION MAY BE MADE AT ANY TIME<br>) WHILE THE CASE IS PENDING."). |

Now comes, Defendant/Movant pro se litigant, Marcus Belton, now moves to make a formal lodging to the U.S. District Court, by and through collateral order doctrine, that his sentence dealing with elements and statute 922)g)(1), and 924(c) be vacated under stare decisis doctrine, following cited cases, <u>Rehaif v. United States</u>, (No.17-9560) S. Ct. June 21, 2019). <u>Gonzalez v. Thaler</u>, 565 U.S. 134 (2012). <u>United States v. Pheaster</u>, 544 F.2d 353 (9th Cir. 1976). <u>Henderson v. United States</u>, 568 U.S. 266 (2013). <u>Peretz v. United States</u>, 501 U.S. 923 (1991). <u>James</u>, 980 F.2d at 1316). Medina, 305 F. 3d at 847). Ruelas, 106 F. 3d at 1418). The Government's case No. 14-CR-00030-JST, case No. 18-CV-03595-JST. Is in violation of the above statutes, The U.S. District Court is now <u>"Duty Bound"</u> under it's Oath, 28 U.S.C. § 453 and Artical VI, Clause 2, Under United States Constitution of the United States Of America to <u>"Immediately Vacate"</u> sentence and release Defendant/Movant Marcus Belton.

Incorporated By Certified Mail Receipt # 7018 0680 0000 3350 0254. Date. August 6, 2019.

## TABLE OF CONTENTS

Supplemental Argument ...................................5,6

  I. The Rehaif decision ..............................6,7,8

 II. The indictment failed to charge a federal offense and

     therefore this Court should order that the felon-in
     possession count be dismissed ......................8

     A. standard of Review ...........................9

     B. Analysis ....................................9,10,11,12

III. Belton must receive a new trial because the jury was

     not instructed it must find beyound a reasonable doubt

     that Belton was not a felon, but an ex felon at the time

     of the alleged possession .........................12,13,16

     B. Analysis .................................13,14,15,16

     Conclusion .....................................17

Incorporated By Certified Mail Receipt #
7018 0680 0000 3350 0254. Date. August 6, 2019.

## TABLE OF AUTHORITIES

**Federal Cases**

Givens v. Housewright,
    786 F.2d 1378 (9th Cir.1986) ......................... 9,12

Gonzalez v. Thaler,
    565 U.S. 134 (2012) .................................. 9

Henderson ex rel. Henderson v. Shinseki,
    562 U.S. 428 (2011) .................................. 9

Henderson v. United States,
    568 U.S. 266 (2013) .................................. 5,6

Peretz v. United States,
    501 U.S. 923 (1991) .................................. 9

Rehaif v. United States,
    139 S. Ct. 2191 (2019) ............................... 5,6,7,8,11

Rivers v. Roadway Exp., Inc.,
    511 U.S. 298 (1994) .................................. 8

Torres v. Lynch,
    136 S. Ct. 1619 (2016) ............................... 7,

United States v. Alferahin,
    433 F.3d 1148 (9th Cir. 2006) ........................ 9,13,14,16

United States v. Cotton,
    535 U.S. 625 (2002) .................................. 10

United States v. Enslin,
    327 F. 788 (9th Cir. 1992) ........................... 6,11

United States v. James,
    980 F.2d 1314 (9th Cir. 1992) ........................ 10,11

United States v. Pheaster,
    544 F.2d 353 (9th Cir. 1976) ......................... 9,10,

United States v. Ruelas,
    106 F.3d 1416 (9th Cir. 1997) ........................ 10,

United States v. Velasco-Medina,
    305 F.3d 839 (9th Cir. 2002) ......................... 9,12

Vachon v. New Hampshire,
    414 U.S. 478 (1974) .................................. 14

United States v. Geyler,
932 F.2d 133 (9th Cir. 1991) ............................. 16

Incorporated By Certified Mail Receipt #
7018 0680 0000 3350 0254. Date. August 6, 2019.

**Federal Statutes**

21 U.S.C §860 .................................. 10,15

18 U.S.C. § 922 .................................. 1,6,7,8,10,11,13

18 U.S.C § 924 .................................. 6,7,10,11,15

**State Statutes**

California State Law 921(a)(20) ................. 16

**Federal Rules**

Fed. R. Crim. P. 12 (b) ........................ 9

Fed. R. Evid. 410 (a) (2) ...................... 8,15

Legislative intent of section
921 (a)(20) .................................... 8,15,16

Incorporated By Certified Mail Receipt #
7018 0680 0000 3350 0254. Date. August 6, 2019.

Incorporated By Certified Mail Receipt # 2019. 7018 0680 0000 3350 0254. Date. August 6,

### Supplemental Argument

Appellant Marcus Belton appeals his jury conviction and his sentence imposed for unlawful firearm possession under 18 U.S.C. § 922(g). This appeal is fully briefed and prepared for any hearing that may be scheduled.

After Belton filed his Reply To the Governments Response, the Supreme Court issued a decision that one Justice described as "casting aside" the "long-established interpretation" of § 922(g). Rehaif v. United States, 139 S. Ct. 2191, 2201 (2019) (Alito, J, dissenting). Section 922(g) makes it a felony for certain persons to possess firearms based on their status, including those convicted of a crime punishable by imprisonment for a term exceeding one year. 18 U.S.C. § 922(g)(1).

Writing for a seven-Justice majority, Justice Breyer's opinion in Rehaif attends carefully to the intimate relationship between mental state and criminal culpability. 139 S. Ct. at 2195097. The Court concluded a person may not be convicted under § 922(g) unless, at the time of possession the firearm, that person knew he belonged to the relevant category of persons prohibited from possessing firearms. Id. at 2200.

Supreme court precedent instructs that this Court must apply the law currently in effect to decide Belton's appeal. Henderson v. United States, 568 U.S. 266, 271, 279 (2013). Thus, following Rehaif, this Court should authorized supplemental briefing regarding the impact of Rehaif on Belton's appeal.

Here, the indictment failed to allege the critical Rehaif element-that Belton knew he was a convicted felon at the time he possessed the firearm. Due to this fundamental, prejudicial defect in the

indictment, this case should be remanded with instructions to dismiss the § 922 count against Belton.

Alternatively, Belton must receive a new trial. The jury instructions failed to require the government to prove and the jury to find, beyond a reasonable doubt, that Belton knew he was a felon at the time of the alleged firearm possession. This plain instructional error violated Belton's substantial rights and impacts the fairness and integrity of the judicial system because the result is that Belton was not convicted of violating all the elements of the felon-in-possession of a firearm offense.

I.   **The Rehaif decision**

On June 21, 2019, the Supreme Court issued Rehaif, 139 S. Ct. 2191, concluding that, in prosecutions under 18 U.S.C. §§ 922(g) and 924(a)(2), the government must prove the defendant knew - at the time of firearm possession - of his status as a person barred from possessing a firearm. Rehaif overturned this Circuit's prior case law that the mens rea element in §§ 922(g)(1) and 924(a)(2) applied only to the possession element, not to status. Untied States v. Enslin, 327 F.3d 788, 798 (9th Cir. 2003). Belton agrued that he was a ex-felon at the time of his arrest.

Rehaif was convicted of unlawfully possessing firearms at a firing range as an alien unlawfully in the United States, in violation of §922(g) and § 924(a)(2). Id. at 2195. Rehaif argued that the government should have been required to prove and the jury should have been required to find beyond a reasonable doubt that he knew he was an alien unlawfully in the United States a the time of the alleged gun possession. Id. at 2195. The Supreme Court agreed. In Belton's case the felon in possession element must fail.

Incorporated By Certified Mail Receipt # 7018 0680 0000 3350 0254. Date. August 6, 2019.

Rehaif recognized that § 924(a)(2) states that "[w]hoever knowingly violates' certain subsections of § 922, including § 922(g), 'shall be' subject to penalties of up to 10 years' imprisonment." 139 S. Ct. at 2195. "The text of § 922(g) in turn provides that it 'shall be unlawful for any person..., being an alien...illegally or unlawfully in the United States,' to 'possess in or affecting commerce, any firearm or ammunition.'" Id. at 2195. In Belton's case the firearm was last legally sold in Carson, California. The interstate commerce element is defective. Reading these two statues together, Rehaif held "that in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." Id. at 2200.

Rehaif rested on the "ordinary presumption on favor of 'scienter,'" whereby criminal statues will not be construed "to impose criminal liability on persons who, due to lack of knowledge, did not have a wrongful mental state." 139 S. Ct. at 2195, 2198. That presumption, the Court explained, is "a basic principle that underlies the criminal law, namely, the importance of showing what Blackstone called 'a vicious will.'" Id. at 2196 (citing 4 W. Blackstone, Commentaries on the Laws of England 21 (1769)). Today, courts remain faithful to that principle by generally interpreting "criminal statutes to require that a defendant possess a mens rea, or guilty mind, as to every element of an offense... even when the 'statute by its terms does not contain' any demand  of what kind." Torres v. Lynch, 136 S. Ct. 1619, 1630-31 (2016) (citations omitted).

The Rehaif decision also relied on fundamental fairness. Possessing a firearm, it noted, can be an "entirely innocent" act. Rehaif,

Incorporated By Certified Mail Receipt # 7018 0680 0000 3350 0254. Date. August 6, 2019.

139 S. Ct. at 2197. If a defendant lacks knowledge of the facts and circumstances making his possession unlawful, he may well also "lack the intent needed to make his behavior wrongful." Id. For example, § 922(g)(1) might unfairly apply "to a person who was convicted of a prior crime but sentenced only to probation" and is unaware the offense could have been punished by imprisonment of more than one year. Id. at 2198. Belton's prior's are no contendere pleas in violation of Federal Rules of Evidence 410(a)(2).

For all of these reasons, Rehaif construed § 922(g) to require the government to prove "that the defendant knew he possessed a firearm and also that he knew he had the relevant status when he possessed it." Id. at 2194.

"When the Supreme Court construes a statute, it is explaining its understanding of what the statue has meant continuously since the date when it became law." Rivers v. Roadway Exp., Inc., 511 U.S. 298, 313 n.12 (1994) (cleaned up). Thus, Rehaif "finally decided what § [922(g)] had always meant and explained why the Courts of Appeals had misinterpreted the will of the enacting Congress." Rivers, 511 U.S. at 313 n.12; see also id. at 312-13 ("A judicial construction of a statute is an authoritative statement of what the statute meant before as well as after the decision of the case giving rise to that construction."). In violation of the Legislative intent of section 921(a)(20). In short, § 922(g) has always required that the government charge and prove as an element that the defendant "knew he belonged to the relevant category of persons barred from possessing a firearm." Rehaif, 139 S. Ct. at 2200.

II. **The indictment failed to charge a federal offense and therefore this Court should order that the felon-in possession count be dismissed.**

Incorporated By Certified Mail Receipt # 6, 2019. 7018 0680 0000 3350 0254. Date. August

### A.   Standard of Review

"Subject-matter jurisdiction can never be waived or forfeited." Gonzalez v. Thaler, 565 U.S. 134, 141 (2012). Thus, "a court's subject-matter jurisdiction may be raised at any point." Peretz v. United States, 501 U.S. 923, 953 (1991); Henderson ex rel. Henderson v. Shinseki, 562 U.S. 428, 434 (2011). The "[f]ailure of an indictment to state an offense is, of course, a fundamental defect which can be raised at any time." United States v. Pheaster, 544 F.2d 353, 361 (9th Cir. 1976); see also Fed. R. Crim. P. 12(b)(2) ("A motion that the court lacks jurisdiction may be made at any time while the case is pending.").

This Court reviews a charging defect challenge made for the first time on appeal for plain error. United States v. Velasco-Medina, 305 F.3d 839, 846 (9th Cir. 2002). Under the plain error doctrine, a defendant must show that: (1) the proceedings below involved error, (2) the error is plain, (3) the error affected his substantial rights, and (4) the error seriously affects the fairness, integrity or public reputation of judicial proceedings." United States v. Alferahin, 433 F.3d 1148, 1154 (9th Cir. 2006). In the defective indictment context, the "key question" under plain error analysis is "whether an error or omission in an indictment worked to the prejudice of the accused." Velasco-Medina, 305 F.3d at 847.

### B.   Analysis

"A criminal indictment must ... perform certain essential functions which are of utmost importance to the protection of persons accused of crimes." United States v. Pheaster, 544 F.2d 353, 360 (9th Cir. 1976). "The Supreme Court has emphasized that the performance of these functions is not to be compromised." Id

Incorporated By Certified Mail Receipt # 7018 0680 0000 3350 0254. Date. August 6, 2019.

Accordingly, and generally, "the failure of an indictment to detail each element of the charged offense constitutes a fatial defect" depriving the district court of jurisdiction and requiring dismissal. United States v. James, 980 F.2d 1314, 1316 (9th Cir. 1992); United States v. Ruelas, 106 F.3d 1416, 1418 (9th Cir. 1997) "[W]e have defined jurisdictional claims as '[c]laims that the... indictment fails to state an offense.'''). Certain "defects in an indictment do not deprive a court of its power to adjudicate a case," United States v. Cotton, 535 U.S. 625, 630 (2002), such as "not alleg[ing] any of the threshold levels of drug quatity that lead to enhanced penalties under [21 U.S.C.] §841(b)." Id at 628. But failing to allege a federal offense at all is not an excusable infirmity. Ruelas, 106 F.3d at 1418.

The indictment's here fails to allege a federal offense at all. The indictment alleged Belton was a person "having been convicted of crimes punishable by imprisonment for a term exceeding one year," and also alleged he "did knowingly possess a firearm... having been shipped and transported in interstate and foreign commerce" never stating that the firearm was last legally sold in Carson California. But yet states in violation of 18 U.S.C. § §922(g)(1) and 924(d) Id at Exhibit A of this Motion, see Exhibit B, of the superseding indictment, felon in possession of a firearm may the record reflect that Belton was an Ex-Felon at the time of his arrest on October 14, 2013. See Exhibit C, Beltons Judgment in a criminal case, nature of Offense Title & Section 18 U.S.C. §922(g)(1) 21 U.S.C. §860, 18 U.S.C. §924(c).

Incorporated By Certified Mail Receipt #
7018 0680 0000 3350 0254. Date. August 6, 2019.

The indictment omits the Rehaif element that Belton know he had been convicted of a crime punishable by imprisonment for a term exceeding one year at the time of the alleged firearm possession. 18 U.S.C. §922(g)(1); Rehaif, 139 S. Ct. at 2200.

When the defendant challenges the validity of an indictment post-conviction, this Court "liberally construe[s the indictment] in favor of validity." James, 980 F.2d at 1316. Under this analysis, an indictment's "reference to a statute will cure some defects." Id at 1318. "But the defendant must have been given adequate knowledge of the missing elements in order to satisfy the due process requirement; otherwise, reference to a statute will not cure the defect in the indictment." Id.

Here, the indictment's reference to §922(g)(1) and 924(a)(2) does not save its fundamental defect. Rehaif overruled this Court's long-standing precedent holding that the mens rea element in ::922(g)(1) and 9.24(a)(2) applied only to the possession element, not to status. United States v. Enslin, 327 F.3d 788, 798 (9th Cir.2003). The indictment's simple reference to §922(g)(1) and 924(a)(2) did not allege Belton possessed the necessary mens rea concerning a prohibited status at the time of the firearm possession. Cf. Givens v. Housewright, 786 F.2d 1378 (9th Cir.1986)(holding the information's citation to a statute which merely defined the degrees of murder, identifying murder by torture as one type of first degree murder, did not provide the defendant adequate notice of the specific charge of first degree murder by toture).

Incorporated By Certified Mail Receipt #
7018 0680 0000 3350 0254. Date. August 6, 2019.

Belton did not concede at trial that he was aware of facts necessary to support the missing element or even that he was aware the government must prove his specific intent as to the missing element. Velasco-Medina, 305 F.3d at 847 (discussing prejudice standard). Thus, the error is prejudicial as Belton did not have any notice or knowledge of missing element.

This Court holds a defective indictment may not be reversible plain error if the jury instructions "conveyed the essence of specific intent and assured that the jury would not convict without finding it existed." Velasco-Medina, 305 F.3d at 847.

As addressed in detail in the next issue, the jury instructions given in Belton's trail did not touch upon the government's burden to prove and the jury's obligation to find, beyond a reasonable doubt, that Belton knew he had a conviction for a crime punishable imprisonment for a term exceeding one year at the time of the alleged firearm possession.

Given the fundamental, prejudicial defect in Belton's indictment, this Court should vacate the conviction and remand for dismissal. Id at Exhibit G, Pg. 11, lines 6-13.

**III. Belton must receive a new trial because the jury was not instructed it must find beyound a reasonable doubt that Belton knew he was a felon at the time of the alleged possession.**

**A. Standard of Review**

An unobjected-to legally erroneous jury instruction is reveiwed

Incorporated By Certified Mail Receipt #
7018 0680 0000 3350 0254. Date. August 6, 2019.

for plain error. United States v. Alferahin, 433 F.3d 1148, 1154 (9th Cir. 2006). Under the plain error doctrine, a defendant must show that: (1) the proceedings below involved error, (2) the error is plain, (3) the error affected his substantial rights, and (4) the error seriously affects the fairness, integrity or public reputation of judicial proceedings." Id.

### B. Analysis

The jury in Belton's trial was not instructed that the government was required to prove and that it was required to find, beyond a reasonable doubt, that Belton knew at the time of the alleged firearm possession that he had "been convicted in any court of a crime punishable by imprisonment for a term exceeding one year." 18 U.S.C. § 922(g)(1). The jury instructions only required the government to prove the following elements:

(1) Belton "knowingly possessed" the firearm,

(2) The firearm "had been shipped or transported from one state to another,"  and

(3) "At the time the defendant possessed the firearm(s), he had been previously convicted of a crime punishable by imprisonment for a term exceeding one year."

(CR633-638). (RT722-727).

The instructional error here was plain. In another § 922(g) conviction direct appeal, the government has already conceded the failure to instruct the jury that it must find the defendant knew he was a felon at the time of the alleged firearm possession was plain error. See United States v. Thomas franco, 17-10538, Dkt. #49 (conceding "that the court plainly erred by failing

Incorporated By Certified Mail Receipt # 7018 0680 0000 3350 0254. Date. August 6, 2019.

Incorporated By Certified Mail Receipt #
7018 0680 0000 3350 0254. Date. August 6, 2019.

to require the jury to determine whether franco knew he was a felon," though disputing whether this is a reversible plain error). Likewise, the district court plainly erred here in failing to instruct the jury that the government must prove and it must find beyond a reasonable doubt that Belton knew he was a felon at the time of the alleged firearm possession.

The instructional error that omitted an element of the crime violated Belton's substantial rights. Convicting "on a record lacking any relevant evidence as to a crucial element" "violates due process." Vachon v. New Hampshire, 414 U.S. 478, 480 (1974). It is "a basic tenet of due process that a criminal defendant's conviction must rest upon a jury's finding beyond a reasonable doubt that he is guilty of each element of the crime charged."

Alferahin, 433 F.3d at 1157. "A defendant's due process rights are unquestionably implicated when his purported conviction rests on anything less than a finding of guilt as to all the elements of the crime." Id. Accordingly, in Alferahin this Court found a plain instructional error violated the defendant's substantial rights because "[s]imply put, Alferahin was not convicted of procuring naturalization contrary to law, as we have defined that crime; rather, he was convicted of committing only some of the elements of that crime." Id.

This is particularly true here given the inadmissibility of the government's prior conviction evidence. In his 2255 motion, Belton challenges whether the district court properly admitted the majority of the documents from two of his prior California State

Prosecutions.

Opening Brief Id at Pg. 27 III. A. Standard of Review: And section B. of Pg. 27 (challenging the admissibility of the Exhibits dealing with Belton's priors). The only properly admitted judicial records were sentencing minutes and "probation order" in the 2004, and the 2007, State cases "nolo contender" pleas as well as the 1998 Federal case no Guns or drugs were involved in Belton's case, Belton was convicted of a phone count in futherance of a attempt to comit a felony, yet Belton's jury in this case was never told this, nor in the State cases dealing with his priors the jury was never told that the priors were "nolo contender pleas, that were admitted in violation of Federal Rules of Evidence 410(a)(2). one of the State priors Belton was only sentenced to 8 Months & 20 days in the County jail, in violation of the one year & a day elements the record reflects that he lost his search & seizure rights & that he not posses a firearm while on probation under California Law.

Also see the Federal case # Cr-98-40082-11-DLJ. JNC Pg. 3 supervised release condictions: "[W]hile on supervised Release you shall not-------Id at Exhibit H, see second Box marked [x].

The unique arrest in this case, wear (1) Belton was no longer on probation or parole, nor a fugitive, at the time of his arrest on October 14, 2013. (2) under section 921(a)(20). (3) facts of this case further show the elemental instruction error violated Belton's substantial rights. (4) at the above issues support a defense to mens rea element Rehaif requiers.

Thus, the government cannot point to "strong & convincing evidence" that the missing element of the crime was adequately proven at Belton's trial, even the element's dealing with 21 U.S.C. § 860, or 18 U.S.C. § 924(c) Id at Exhibit D of this

Incorporated By Certified Mail Receipt #
7018 0680 0000 3350 0254. Date. August 6, 2019.

Motion, Also Id at Exhibit E of this Motion.

Alferahin, 433 F.3d at 1155. The unique facts and circumstances of this case demonstrate a reasonable probability that the jury convicted Belton of unlawful possession of a firearm without finding that he knew he was a prohibited person under Federal law at the time of the alleged possession.

Finally, the error implicates the fairness and integrity of the judicial system because of the nature of the instructional error and the facts of this case. In alferahin, this Court found the plain instructional error warranted review to address the fairness and integrity of the judicial system because, at best the government's evidence "only hinted at proof of the missing element. 433 F.3d at 1159-60. This case presents a more erroneous record, as the evidence dose not even "hint at the missing element. Id at Exhibit F, dealing with the <u>plain instructional error</u>

The evidence points to the opposite conclusion-that Belton did not know he was prohibited from possessing a firearm under Federal law. Id at Exhibit G, Pg. 11, lines 6-13.

As well as California law restoring Civil Rights upon expiration of sentence applied to exempt Federal felon in possession "<u>statute</u>" citing <u>United States v. Geyler</u>, 932 F.2d 133 (9th Cir. 1991)(State law restoring civil rights "bars" prosecution for 922(g) Id at page 8 SER00046, line 1 through 5, see Belton's arguments on his priors Id at sentencing transcripts pages 10, lines 19 through page 11,12 13-line 4. See Exhibit I, dealing with the only rights that were taken in Belton's State proceedings that were re stored.

Incorporated By Certified Mail Receipt #
7018 0680 0000 3350 0254. Date. August 6, 2019.

**CONCLUSION**

Given the plain, prejudicial "Rehaif error" that occurred at his trial,' Belton respectfully request this Honorable Court vacate his conviction and dismiss the indictment.

In sum, 37 people were arrested and prosecuted under, OSS, with all 37 people being African American. All 37 faced the prospect of "at least a one-year mandatory minimum sentence pursuant to 21 **U.S.C. § 860** though several faced greater exposure...By contrast, there are no mandatory minimum sentences for drug-related offenses under California law." FAC ¶ 75.

"Iqbal, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the **elements** of a cause of action." Twombly, 550 U.S. at 555; see also Iqbal, 556 U.S. at 678 (Threadbare recitals of the **elements** of a cause of action, supported by mere conclusory statements, do not suffice.").
("In the Ninth Circuit the use of a 'bare bones' information-that is one employing the statutory language alone-is quite common and entirely permissible so long as the statute sets forth fully, directly and clearly all essential **elements** of the crime to be punished.") (alteration, citation, and [2014 U.S. Dist. LEXIS 11] internal quotation marks omitted)). In considering a motion to dismiss an indictment, the Court may not look beyond "the four coners of the indictment in analyzing whether a cognizable offense has been charged." United States v. Boren, 278 F.3d 911, 914 (9th Cir.2002).

Incorporated By Certified Mail Receipt # 7018 0680 0000 3350 0254. Date. August 6, 2019.

An indictment is sufficient to withstand a defendant's motion to dismiss "if it contains the **elements** of the charged offense in sufficient detail (1) to enable the defendant to prepare his defense; (2) to ensure him that he is being prosecuted on the basis of the facts presented to the grand jury; (3) to enable him to plead double jepardy; and (4) to inform the Court of the alleged facts so that it can determine the sufficiency of the charge." <u>United States v. Rosi</u>, 27 F.Ed 409, 414 (9th Cir. 1994) (citation omitted).

Belton has shown by clear proof in his 2255 Motion's Brief and this Motion filed here by and through Affidavit's Exhibit's as well as the transcripts in this case that he was denied the above **elements** (1), (2), (3), (4). Dealing with statutes 922(g)(1) 924(c), and 21 U.S.C. § 860. 21 U.S.C. § 841 (b).

Excuted: July 31, 2019.                    Respectfully Submitted By

                                          /s/ Marcus Belton.
                                          *Marcus Belton*,
                                          pro se

Incorporated By Certified Mail Receipt #
7018 0680 0000 3350 0254. Date. August 6, 2019.

STATE OF CALIFORNIA        )
COUNTY OF SANTA BARBARA     )
_____    )

### AFFIDAVIT/DECLARATION
_____

Affidavit Of Marcus Belton

I, Marcus Belton.,   after being
"duly" sworn, depose and say as follows

This Affidavit is submitted in support of Defendant's Motion in his Supplemental Brief, to the new substantive ruling that came down from the Supreme Court dealing with statutes 922(g)(1), and 924(c) being Un-Consistitutionally vague, <u>Rehaif v. United States</u>, (No. 17-9560) S. Ct. June 21, 2019. May the record reflect that this is the supplemental Brief, in-conjunction with the Motion sent with the Defendant's opposition and reply to the Government's response to the Defendant's 28 U.S.C. § 2255 Motions Brief.

Due to a new substantive ruling that came down from the Supreme Court, this Motion has a total of 18, pages, and Exhibits A, B, C, D, E, F, G, H, I. With a two page Affidavit, and Certificate of Service, Adult Signature # 9590 9402 2520 6306 4565 11.

Excuted: June 31, 2019.              Respectfully Submitted By

                                      /s/Marcus Belton,

                                      _Marcus Belton_,
                                 1       Pro Se

Incorporated By Certified Mail Receipt #
7018 0680 0000 3350 0254. Date. August 6, 2019.

I, Marcus Belton, am the party involved in the actions stated above and I do give consent to show the documents in My case proceedings Id at bar case No. 4:14-CR-00030-JST-1.

I, Marcus Belton, do reside at 3901 Klein Blvd. Lompoc CA 93436. In the name and Authority of the People of California, I, Marcus Belton, Justice hereby, Attest, Affirm, and Acknowledge in Law of Necessity before the People of California nd the remaining States, and Probate Justices' of the Quorum this foreign Law Affidavit is true, correct, certain, Signed under penalty of Law by My had and "Seal" this 31st day of the seventh month in the year of our Savior, **Yashua**, two thousand and Nineteen, Annot Domini.

Lex loci delicti, Custodia legis quo ad Hoc loci, Alamenda County de jure lex fori.

ATTESTATION _Marcus Belton_
                 Marcus Belton, Justice
                 "without prejudice"
                 Quo ad Hoc lodged

Acknowledgement: _Marcus Belton_
                 **Marcus Belton, Justice of the peace**
                 **ex officio clerk, amanuesis**

                                          [No.591110]

cc: Justice: Court

Incorporated By Certified Mail Receipt # 7018 0680 0000 3350 0254. Date. August 6, 2019.

**EXHIBIT A**

Incorporated By Certified Mail Receipt #
7018 0680 0000 3350 0254. Date. August 6, 2019.

*Exhibit A*

Case4:14-cr-00030-PJH   Document2   Filed01/16/14   Page 1 of

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT   ☐ INFORMATION   ☒ INDICTMENT

☐ SUPERSEDING

FILED

### OFFENSE CHARGED

18 U.S.C. § 922(g)(1) – Felon in Possession of a Firearm;
18 U.S.C. § 924(d) – Forfeiture Allegation

☐ Petty
☐ Minor
☐ Misde-meanor
☒ Felony

PENALTY:   Imprisonment: Maximum 10 years
Fine:  Maximum $250,000
Supervised Release: 3 years
Special Assessment: $100

Name of District Court, and/or Judge/Magistrate Location
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

### DEFENDANT - U.S.

▶ MARCUS BELTON

DISTRICT COURT NUMBER

CR14-00030   PJH

DEFENDANT

### PROCEEDING

Name of Complaintant Agency, or Person (& Title, if any)

Bureau of Alcohol, Tobacco, Firearms, and Explosives

☐ person is awaiting trial in another Federal or State Court,
give name of court

☐ this person/proceeding is transferred from another district
per (circle one) FRCrp 20, 21, or 40. Show District

☐ this is a reprosecution of
charges previously dismissed
which were dismissed on motion
of:                            SHOW
DOCKET NO.
☐ U.S. ATTORNEY   ☐ DEFENSE

☐ this prosecution relates to a
pending case involving this same
defendant                      MAGISTRATE
CASE NO.

☐ prior proceedings or appearance(s)
before U.S. Magistrate regarding this
defendant were recorded under   3-MJ-71594 NJV

Name and Office of Person
Furnishing Information on this form   MELINDA HAAG

☒ U.S. Attorney   ☐ Other U.S. Agency

Name of Assistant U.S.
Attorney (if assigned)   MANISH KUMAR, SAUSA

### IS NOT IN CUSTODY

Has not been arrested, pending outcome this proceeding
1) ☒ If not detained give date any prior
summons was served on above charges ____

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

### IS IN CUSTODY

4) ☐ On this charge

5) ☐ On another conviction

6) ☐ Awaiting trial on other charges
If answer to (6) is "Yes", show name of institution

☐ Federal  ☐ State

Has detainer   ☐ Yes        If "Yes"
been filed?    ☐ No         give date
filed

DATE OF
ARREST              Month/Day/Year

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED          Month/Day/Year
TO U.S. CUSTODY

☐ This report amends AO 257 previously submitted

### ADDITIONAL INFORMATION OR COMMENTS

PROCESS:
☐ SUMMONS   ☒ NO PROCESS*   ☐ WARRANT      Bail Amount: ____

If Summons, complete following:
☐ Arraignment   ☐ Initial Appearance

Defendant Address:

* Where defendant previously apprehended on complaint, no new summons or
warrant needed, since Magistrate has scheduled arraignment

Date/Time: ____   Before Judge: ____

Comments:

Incorporated By Certified Mail Receipt #
7018 0680 0000 3350 0254. Date: August 6, 2019.

EXHIBIT B

Incorporated By Certified Mail Receipt #
7018 0680 0000 3350 0254. Date. August 6, 2019.

Case4:14-cr-00030-JST   Document86   Filed11/20/14   Page1 of 7

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT   ☐ INFORMATION   ☒ INDICTMENT
☒ SUPERSEDING

| OFFENSE CHARGED | |
| --- | --- |
| See attachment. | ☐ Petty |
| | ☐ Minor |
| | ☐ Misde-meanor |
| PENALTY:            See attachment. | ☒ Felony |

—— Name of District Court, and/or Judge/Magistrate Location ——

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

—— DEFENDANT - U.S ——

▶ MARCUS BELTON

DISTRICT COURT NUMBER

CR 14-00030 JST

**FILED**
**NOV 2 0 2014**
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

### PROCEEDING

Name of Complainant Agency, or Person (& Title, if any)

Bureau of Alcohol, Tobacco, Firearms and Explosives

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. ATTORNEY   ☐ DEFENSE     } SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under     } MAGISTRATE CASE NO.

Name and Office of Person Furnishing Information on this form     MELINDA HAAG

☒ U.S. Attorney   ☐ Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned)     TAI MILDER, SAUSA

### DEFENDANT

**IS NOT IN CUSTODY**
Has not been arrested, pending outcome this proceeding.
1) ☒ If not detained give date any prior ▶ summons was served on above charges

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**
4) ☐ On this charge

5) ☐ On another conviction     }
6) ☐ Awaiting trial on other charges     }  ☐ Federal ☐ State
If answer to (6) is "Yes", show name of institution

Has detainer ☐ Yes     If "Yes" give date filed
been filed?   ☐ No

DATE OF ARREST ▶     Month/Day/Year
Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED TO U.S. CUSTODY ▶     Month/Day/Year

☐ This report amends AO 257 previously submitted

### ADDITIONAL INFORMATION OR COMMENTS

PROCESS:
☐ SUMMONS   ☒ NO PROCESS*   ☐ WARRANT
If Summons, complete following:
☐ Arraignment   ☐ Initial Appearance
Defendant Address:

Bail Amount:

* Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time:     Before Judge:

Comments:

Incorporated By Certified Mail Receipt # 7018 0360 0000 0354 0254. Date: August 6, 2019.

**EXHIBIT C**

Inccrporated By Certified Mail Receipt #
7018 0680 0000 3350 0254. Date. August 6, 2019.

AO 245B (Rev AO 09/11-CAN 7/14) Judgment in Criminal Case
       Sheet 1

# UNITED STATES DISTRICT COURT
## Northern District of California

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br>Marcus Belton | ) **JUDGMENT IN A CRIMINAL CASE**<br>)<br>) USDC Case Number: CR-14-00030-001 JST<br>) BOP Case Number: DCAN414CR00030-001<br>) USM Number: 98903-011<br>) Defendant's Attorney: Peter Fitzpatrick (Appointed) |

**THE DEFENDANT:**

☐ pleaded guilty to count(s):

☐ pleaded nolo contendere to count(s):_ which was accepted by the court.

☑ was found guilty on counts: One through Four of the Superseding Indictment after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 922(g)(1) | Felon in Possession of a Firearm | October 14, 2013 | One |
| 21 U.S.C. § 860 | Possession With Intent to Distribute Cocaine and Cocaine Base In or Near School | October 14, 2013 | Two and Three |
| 18 U.S.C. § 924(c) | Possession of Firearm In Furtherance of Drug Trafficking Crime | October 14, 2013 | Four |

The defendant is sentenced as provided in pages 2 through _6_ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s):

☐ Count(s) _ dismissed on the motion of the United States.

    It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

11/20/2015
_____
Date of Imposition of Judgment

_____
Signature of Judge

The Honorable Jon S. Tigar
United States District Judge
_____
Name & Title of Judge

November 23, 2015
_____
Date

Incorporated By Certified Mail Receipt #
7018 0680 0000 3350 0254. Date. August 6, 2019.

**EXHIBIT D**

Incorporated By Certified Mail Receipt #
7018 0680 0000 3350 0254. Date. August 6, 2019.

PROCEEDINGS

1    employment.

2         The Government also agrees with your Honor's comments that

3    that language probably didn't need to be in the instruction in

4    the first instance.

5         THE COURT:   Do you contend now that the evidence in

6    this case is sufficient to support a conviction that relies on

7    the jury finding that the defendant used a firearm within the

8    meaning of Section 924(c)(1)?

9         MR. KUMAR:   Your Honor, I haven't fully researched

10   the issue, but based on -- based on the initial research that

11   your Honor was kind enough to share with the parties, I would

12   say that the evidence would not support that theory.

13        THE COURT:   Mr. Fitzpatrick?

14        MR. FITZPATRICK:   Thank you, your Honor.

15   The Government elicited the testimony of, I believe it was

16   Officer Zhou.

17        THE COURT:   Yes.

18        MR. FITZPATRICK:   Regarding Mr. Belton reaching for

19   his waist.   That would be a use, in my interpretation of the

20   evidence, and that was the position the defense took with

21   regards to defending and arguing the case.   McCoy Issues!

22        THE COURT:   And so you are, therefore, I gather,

23   requesting that the Court not withdraw that portion of the

24   instruction?

25        MR. FITZPATRICK:   I'm sorry?   Did you say --

Incorporated By Certified Mail Receipt #
7018 0680 0000 3350 0711. July 8, 2019.

**EXHIBIT E**

Incorporated By Certified Mail Receipt #
7018 0680 0000 3350 0254. Date. August 6, 2019.

PROCEEDINGS

1    other cases that have cited *Bailey*, it becomes very clear that

2    mere possession by itself is not enough to establish use.

3    Possession is not use.  And I would cite *United States versus*

4    *Perez*, 129 F.3d 1340 at Page 1342, a Ninth Circuit case from

5    1997.  Similarly, *States versus French,* 94 F.3d 653, Ninth

6    Circuit 1996.  And all these cases rely on Bailey.

7        The French Court said:

8            "A defendant does not use a firearm by placing it

9    near drugs to provide a sense of security or to

10   embolden.  Mere possession for protection does not

11   constitute use."

12       Later on the same Court said:

13           "The Government misinterprets the holding of

14   *Bailey*.  The Supreme Court explained that if the gun

15   is not disclosed or mentioned by the offender, it is

16   not actively employed and it is not used."

17       So anyway, I -- I'll hear from the parties, but my own

18   tentative view is that it was -- it was an error for the Court

19   even to give the optional paragraph of instruction 8.71 with

20   regard to use because it's not even the government's theory in

21   the case.  The government's theory in the case is that the

22   defendant carried a firearm in connection with a crime.

23       And so I had a little more research to do, but I didn't

24   want to keep the parties waiting.  That's as far as I've

25   gotten.

*Debra L. Pas, CSR, CRR, RMR, RPR*
*Official Reporter - U.S. District Court - San Francisco, California*
*(415) 431-1477*

Incorporated By Certified Mail Receipt #
7018 0680 0000 3350 0711. July 8, 2019.

SER01158

**EXHIBIT F**

Incorporated By Certified Mail Receipt #
7018 0680 0000 3350 0254. Date. August 6, 2019.

PROCEEDINGS

1    (Defendant speaking in the background.)

2    THE COURT:  So I will instruct the jury that the

3    Government has to prove either "used or carried;" that these

4    are alternative -- I don't like the word "theory."  Give me a

5    second.

6    That these are alternative bases under the indictment;

7    that the use of the word "and" in Line 13 is included in the

8    model instruction, but it's clearly a typo.  And that the law

9    does not define -- and this is true actually.  There are only a

10   series of examples, but there's no further definition of the

11   term "active employment."

12   Mr. Fitzpatrick.

13   MR. FITZPATRICK:  Thank you.  As to that issue, your

14   Honor.

15   Well, first, as to replacing the language of the

16   instructions mid-deliberation, I would object that the cake, as

17   they say, is baked as it were, and sent in to Mr. Belton's

18   jury, as did -- Mr. Belton found himself in that very position

19   with regard to all the decisions and everything he made when

20   counsel stepped in for him.

21   THE COURT:  Yes.

22   MR. FITZPATRICK:  I think that changing things

23   mid-stream is not fair.

24   THE COURT:  Have you completed making your record

25   with regard to the prejudice to Mr. Belton?

**EXHIBIT G**

Incorporated By Certified Mail Receipt #
7018 0680 0000 3350 0254. Date. August 6, 2019.

Exhibit 6

1    STANDING BY THEIR OATH TO THE COURT WHEN THE EVIDENCE CLEARLY

2    SHOWS CAUSE FOR MRS. SCHWARTZ SHOULD HAVE FILED A BILL OF

3    PARTICULARS ADDING THE BLOCKBURGER TEST TO MAKE SURE THAT THE

4    SECOND INDICTMENT IS DIFFERENT FROM THE FIRST, AND THE FRANKS

5    MOTION TO CHALLENGE THE AFFIDAVIT OF VINTON JOHNSON.

6         A LETTER FROM MRS. SCHWARTZ DATED MAY 7, 2014,

7    STATING WHY SHE REFUSED TO FILE THE TWO MOTIONS.  MR. VAUGHNS ON

8    JULY 9, 2014, STATING ON THE RECORD HE COULD NOT FILE A BILL OF

9    PARTICULARS ADDING BLOCKBURGER TEST TO THE MAKE SURE THE SECOND

10   INDICTMENT WAS DIFFERENT FROM THE FIRST.  AND A DISMISSAL FOR

11   THE GRAND JURY IMPROPERLY CHARGING DEFENDANT AS A FELON UNDER 18

12   U.S.C. 921 (G) AND 18 U.S.C. 922 (D) INVALID UNDER SECTION

13   921A20 BARS FEDERAL PROSECUTION.

14        THE COURT:  MR. BELTON, STOP.  STOP.

15        THE DEFENDANT:  NOW YOU'RE VIOLATING --

16        THE COURT:  NO.

17        THE DEFENDANT:  I'M ASKING FOR A DISMISSAL.  YOU'RE

18   VIOLATING MY CONSTITUTIONAL RIGHTS.

19        THE COURT:  MR. BELTON.  MR. BELTON.  YOU HAVE

20   COUNSEL.  YOU'VE TOLD ME YOU DON'T WANT TO REPRESENT YOURSELF.

21   YOU HAVE COUNSEL.  I'LL LISTEN TO YOUR LAWYER.  I'M NOT GOING TO

22   LISTEN TO YOU READ THAT INTO THE RECORD.

23        THE DEFENDANT:  I WILL FINISH READING THAT.

24        THE COURT:  NO.  NO.  I'M NOT GOING TO.

25        THE DEFENDANT:  I'M ASKING FOR A DISMISSAL ON THE

Incorporated By Certified Mail Receipt #
7018 0680 0000 3350 0254. Date. August 6, 2019.

**EXHIBIT H**

Incorporated By Certified Mail Receipt #
7018 0680 0000 3350 0254. Date. August 6, 2019.

 

AO 245B (Rev. 9/00) Sheet 3 - Supervised Release

| DEFENDANT: | MARCUS BELTON | Judgment - Page 3 of 10 |
|---|---|---|
| CASE NUMBER: | CR-98-40082-11-DLJ | |

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of 1 year .

While on Supervised Release you shall not commit another federal, state or local crime and shall not illegally possess a controlled substance.  Revocation of supervised release is mandatory for possession of a controlled substance.
     The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter.

[ ]     The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse.  (Check if applicable.)

[x]     The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

Revocation of supervised release in mandatory for refusal to comply with drug testing imposed as a condition of supervision.  18 U.S.C. Sections 3565(b)(3) and 3583 (g)(3)
     You shall pay the assessment imposed in accordance with 18 U.S.C. Section 3013, and shall immediately notify the probation officer of any change in your economic circumstances that might affect your ability to pay a special assessment, fine, restitution, or co-payments ordered by the Court.
     If the judgment imposed a fine or a restitution obligation, it shall be a condition of supervision that you pay any such fine or restitution that remains unpaid at the commencement of the term of supervision in accordance with any Schedule of Payments set forth in the Criminal Monetary Penalties sheet of the judgment. In any case, the defendant shall cooperate with the probation officer in meeting any financial obligations

Incorporated By Certified Mail Receipt # 7018 0680 0000 3350 0254. Date. August 6, 2019.

**EXHIBIT I**

Incorporated By Certified Mail Receipt #
7018 0680 0000 3350 0254. Date. August 6, 2019.



# ALAMEDA COUNTY
# PROBATION DEPARTMENT

**LADONNA HARRIS**
Chief Probation Officer

Incorporated By Certified Mail Receipt #
7018 0680 0000 3350 0254. Date. August 6, 2019.

May 16, 2013

## TERMINATION FROM ALAMEDA COUNTY PROBATION
## POST RELEASE COMMUNITY SUPERVISION

This letter is verification that, DOB: 9-12-71, F81912 has completed and met the conditions imposed upon him/her and is therefore terminated from Alameda County Probation Department Post Release Community Supervision (PRCS).

Marcus Belton began his/her PRCS in Alameda County on 03/27/2012.

As of May 16, 2013, he/she is no longer on active PRCS with the Alameda County Probation Department. Respective to this specific case (F81912), his/her rights regarding search and seizure have been reinstated.

If further assistance is needed, I can be contacted at (510) 268-2629.

R. Hadley #310
Deputy Probation Officer

Mail Reply to Address Indicated:

| | | |
|---|---|---|
| X | Probation Center<br>400 Broadway, P.O. Box 2059<br>Oakland, CA 94604-2059 | ☐ | Community Probation North<br>7200 Bancroft Avenue, Suite 270<br>Oakland, CA 94605-2410 | ☐ | 24085 Amador Street, 4th Floor<br>Hayward, CA 94544-1201 |
| ☐ | Family Preservation Unit<br>2300 Fairmont Drive, LV2<br>San Leandro, CA 94578-1090 | ☐ | Community Probation South<br>24085 Amador Street, 3rd Floor<br>Hayward, CA 94544-1201 | ☐ | 24085 Amador Street, Suite 310<br>Hayward, CA 94544-1201 |
| ☐ | Camp Wilmont Sweeney<br>2600 Fairmont Drive | ☐ | Juvenile Justice Center<br>2500 Fairmont Drive, Room C1055 | ☐ | 5672 Stoneridge Drive<br>Pleasanton, CA 94588-8559 |

Incorporated By Certified Mail Receipt #
7018 0680 0000 3350 0254. Date. August 6, 2019.

1    THE COURT:   Counsel, [...]

2    of the complaint?

3         MR. SAWYER:   Yes.

4         THE COURT:   Thank you.

5         All right.   Then, Mr. Belton, you are accused in

6    Count 2 of a felony, possession for sale of a controlled

7    substance, cocaine base, alleged to have occurred on

8    September 18, 2004 in this county in violation of 11351 of

9    the Health and Safety Code.

10         To that charge, what is your plea?

11         MR. SAWYER:   Your Honor, actually, it's simply

12    cocaine, not cocaine base.

13         THE COURT:   All right.   I misspoke.   It does say

14    cocaine.   You're correct.   Possession of cocaine -- 11351,

15    possession for sale of cocaine.

16         And your plea to that charge?

17         THE DEFENDANT:   No contest.

18         THE COURT:   It's further alleged that on or about

19    December 21, 2001 you were convicted in the Federal Court of

20    a felony, 21 U.S.C. 843(b), use of a telephone to further

21    felonious drug activity.

22         Do you admit or deny that?

23         THE DEFENDANT:   It was an attempt.

24         THE COURT:   I beg your pardon, sir.

25         THE DEFENDANT:   Attempt.   It was an attempt.

26         THE COURT:   Well, it's not alleged as that.   It's

27    alleged as 21 U.S.C. 843(b).   Do you want to just say no

28    contest?

# Certificate of Service

Incorporated By Certified Mail Receipt #
7018 0680 0000 3350 0254. Date. August 6, 2019.

I, Marcus Belton                    hereby certify that I have served a true and correct copy of the following by placement in the inmate mail: A Supplemental Brief, on the New Substantive Ruling that came down from the Supreme Court on June 21, 2019; dealing with 922(g)(1), 924(c) being un-consistitutionally vague, this motion is also dealing with a Fundamental defect in the indictment, that can be raised at any time citing United States v. Pheaster, 544 F.2d 353,361(9th Cir.1976). & Rule 45 (B) Clerks Duties: Defendant moves to make a formal lodging to the U.S. District Court, By & through collateral order doctrine.

Service of process is deemed complete at the time of delivery to the United States Postal Service for forwarding to the Court. Houston v. Lack 101 L.Ed.2d 245 (1988) confirms that by such service upon the parties to litigation and or his/her attorney of record, by placement in a sealed, postage prepaid envelope addressed to:

U.S. District Court, Clerk
Susan Y. Soong. At, 1301 Clay ST.
Oakland, CA. 94612.
under Rule 45(b)

U.S. Attorney, Katie B. Medearis
at 1301 Clay St.
Oakland, CA. 94612.

cc.

and deposited in the United States Mail maintained by the United States Penitentiary Lompoc; Lompoc, California, all requirements of service of process required by law have been fulfilled this:

_____6th_____   day of  August   _____2019.

United States Penitentiary
3901 Klein Boulevard
Lompoc, CA 93436-2706

(Name)  Marcus Belton, pro se
_____
98903-011.
_____
Bureau of Prisons Register
Number

/s/  Marcus Belton  ,



Incorporated By Certified Mail Receipt #
7018 0680 0000 3350 0254. Date. August 6, 2019.

## U.S. Postal Service™ Marcus Belton
### CERTIFIED MAIL® RECEIPT 98903-011
Domestic Mail Only

For delivery information, visit our website at www.usps.com®

OFFICIAL USE

Certified Mail Fee
$ 3.50                              F-unit

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)           $
☐ Return Receipt (electronic)         $
☐ Certified Mail Restricted Delivery  $
☒ Adult Signature Required            $ 2.80
☐ Adult Signature Restricted Delivery $

Postmark
Here

Postage
$ 2.20

Total Postage and Fees
$ 8.50

Sent To
Clerk, Susan Y. Soong, U.S. Dist, Court
Street and Apt. No., or PO Box No.
1301 Clay St.
City, State, ZIP+4®
Oakland, CA. 94612

PS Form 3800, April 2015 PSN 7530-02-000-9047    See Reverse for Instructions

⟨⟩98903-011⟨⟩
U S Court District Clerk
Suite 400 South
1301 CLAY ST
Oakland, CA 94612
United States

Marcus Belton, Reg # 98903-011.
United States Penitentiary-Lompoc.
3901 Klein Blvd.
Lompoc, CA. 93436.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**
Oakland DIVISION

| | |
|---|---|
| United States Of America,<br>                         plaintiff<br><br><br><br><br><br>              v.<br><br><br><br><br>Marcus Belton<br>         Defendant<br>_____ | ) No. 14-CR-00030-JST<br>) No.18CV-03595-JST<br>) SUPPLEMENTAL BRIEF, NEW SUBSTANTIVE<br>) RULING THAT CAME DOWN FROM THE<br>) SUPREME COURT, DEALING WITH STATUTES<br>) 922(g)(1), AND 924(c) BEING "UN-<br>) CONSISTITUTIONALLY VAGUE", DEALING<br>) WITH A FUNDAMENTAL DEFECT CAN BE RAISED<br>) ANY TIME, CITING UNITED STATES V.<br>) Pheaster,544 F.2d 353, 361 (9th Cir.<br>) 1976). Fed. R. Crim. P. 12(b)(2)(A)<br>) MOTION THAT THE COURT LACKS<br>) JURISDICTION MAY BE MADE AT ANY TIME<br>) WHILE THE CASE IS PENDING.").Rule 45 (b)<br>Clerk's Duites: |

Now comes, Defendant/Movant pro se litigant, Marcus Belton, now

moves to make a formal lodging to the U.S. District Court, by and

through collateral order doctrine, that his sentence dealing with

elements ans statute 922(g)(1), and 924(c) be vacated under stare

decisis doctrine, following cited cases, Rehaif v. United States,

(No.17-9560) S. Ct. June 21, 2019. Gonzalez v. Thaler, 565 U.S.

134 (2012). United States v. Pheaster, 544 F. 2d 353 (9th Cir.1976).

Henderson v. United States, 568 U.S. 266 (2013). Peretz v. United

States, 501 U.S. 923 (1991). James, 980 F.2d at 1316). Medina, 305

F.3d at 847). Ruelas, 106 F. 3d at 1419). The Government's cases No.

14-CR-00030-JST, case No. 18-CV-03595-JST. Is in violation of the

above statutes, The U.S. District Court is now "Duty Bound" under

it's Oath, 28 U.S.C. § 453 and Artical VI, Clause 2, under the United

States Constitution of the United States Of Amercia to "Immediately

Vacate" sentence and release Defendant/Movant Marcus Belton.

Incorporated By Certified Mail Receipt #
7018 0680 0000 3350 0254. Date. August 6, 2019.

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Clerk,Susan Y.Soong,U.S.
Dist.Court, Supplemental
Brief,New Substantive Ruling
from the Supreme Court.
formal lodging to U.S.Dist.
1301 Clay ST. Oakland,CA,94612.

9590 9402 2520 6306 4565 11

2. Article Number (Transfer from service label)

7018 0680 0000 3350 0254

PS Form 3811, July 2015 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X
☐ Agent
☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt



MEAD 9" X 12" PRESS & SEAL
WHITE ENVELOPES 6CT



3901 Klein Blvd.
Lompoc, CA. 93436.

7018 0680 0000 3350 0254










⇔98903-011⇔
U S Court District Clerk
Suite 400 South.
1301 CLAY ST
Oakland, CA 94612
United States

"Legal Mail"

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Clerk,Susan Y.Soong.U.S.
Dist.Court, Supplemental
Brief,New Substantive Ruling
From the Supreme Court.
formal lodging to U.S.Dist.
1301 Clay ST. Oakland,CA.94612

9590 9402 2520 6306 4565 11

2. Article Number (Transfer from service label)

7018 0680 0000 3350 0254

PS Form 3811, July 2015 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X
☐ Agent
☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:   ☐ No

3. Service Type
☒ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

MEAD 9" x 12" PRESS & SEAL
WHITE ENVELOPES 6-CT
0 43100 78038 6
6503021

FCC LOMPOC
3600 GUARD ROAD
LOMPOC, CA 93436

DATE   8/6/19

The following letter was processed through special mailing procedures for forwarding to you. The letter has been neither opened or inspected. If the writer raises a question or problem over which this facility has jurisdiction, you may wish to return the material for further information or clarification. If the writer enclosed correspondence for forwarding to another address, please return the enclosed to the above address.