UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br>v.<br>MARCUS BELTON,<br>    Defendant. | Case No. 14-cr-00030-JST-1<br><br>**ORDER GRANTING MOTION TO REOPEN TIME TO FILE APPEAL**<br><br>Re: ECF No. 323 |

Before the Court is Defendant's request to reopen the time to file an appeal pursuant to Federal Rule of Appellate Procedure 4(a)(6). ECF No. 323. The Court will grant the request.

On September 26, 2019, the Court denied Defendant's motion to vacate, set aside, or correct his sentence. ECF No. 316. The Court entered judgment in favor of the government on October 4, 2019 and served that judgment on Defendant, who is pro se and incarcerated at Lompoc federal prison. ECF No. 317. The docket entry for the order denying the motion, however, does not include a certificate of service. ECF No. 316. On November 20 and December 11, 2019, Defendant requested an updated docket sheet. ECF Nos. 318, 319. On January 24, 2020, he sought a writ of mandamus from the Ninth Circuit directing this Court to issue an order on his habeas motion. ECF No. 320. The Ninth Circuit denied the petition on February 26, 2020, noting that this Court had issued an order denying Defendant's habeas motion and entered judgment in October. ECF No. 322.

Defendant filed the instant motion on March 17, 2020, arguing that he never received notice of the habeas order or accompanying judgment and only learned of their issuance when the Ninth Circuit denied his mandamus petition. ECF No. 323. Defendant requests that the Court reopen the time to file an appeal pursuant to Federal Rule of Appellate Procedure 4(a)(6). *Id.* The

government did not file a response.

Rule 4(a)(6) allows the district court to reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered if the following three conditions are satisfied: (1) the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry; (2) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d)[1] of the entry, whichever is earlier; and (3) no party would be prejudiced. Fed. R. App. Proc. 4(a)(6). Relief from the expiration of the time to appeal may not be sought after the 180-day period in Rule 4(a)(6) has expired. *See In re Stein*, 197 F.3d 421, 425 (9th Cir. 2000).

Defendant has satisfied all three conditions. First, Defendant did not receive notice of the Court's September 26, 2019 order denying his habeas petition within 21 days after entry.[2] Second, he filed the instant motion 173 days after that order was entered. Third, given the government's lack of opposition, the Court finds that no party would be prejudiced.

Accordingly, the Court GRANTS Defendant's request and REOPENS the time to file an appeal.

**IT IS SO ORDERED.**

Dated: April 14, 2020



JON S. TIGAR
United States District Judge

---

[1] Rule 77(d) of the Federal Rules of Civil Procedure provides that "[i]mmediately after entering an order or judgment, the clerk must serve notice of the entry, as provided in Rule 5(b), on each party who is not in default for failing to appear [and] record the service on the docket." Fed. R. Civ. P. 77(d). Rule 5(b) of the Federal Rules of Civil Procedure provides for service by mail, among other options. Fed. R. Civ. P. 5(b).

[2] The Court served notice of the order on Defendant on April 8, 2020. ECF No. 324.