UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　Plaintiff,<br>　　v.<br>MARCUS BELTON,<br>　　　　Defendant. | Case No. 14-cr-00030-JST-1<br><br>**NOTICE OF EX PARTE CONTACT;<br>ORDER TO SHOW CAUSE** |

As more fully set forth below, the Court has received an ex parte communication from an attorney for the Federal Bureau of Prisons regarding Defendant Marcus Belton. The communication states that Belton has been diagnosed with COVID-19, is under quarantine, and will therefore be unable to comply with the filing deadlines recently set in this case. *See* ECF No. 325 (setting schedule). The attorney further states his concerns that allowing Belton to proceed with his appeal while he is infected with COVID-19 poses a risk to the health of other inmates, prison staff, and the public at large.

This order takes two steps in response to this communication. First, the Court discharges its obligation to place the ex parte contact on the record. Second, the Court issues an Order to Show Cause why it should not vacate and re-enter its prior judgment to ensure that Belton's appellate rights are protected under these extraordinary circumstances.

I.　**NOTICE OF EX PARTE COMMUNICATION**

The Court hereby gives notice that it received the ex parte communication of which a copy is attached hereto as Exhibit A. The communication is an email from Dennis Wong, Regional Counsel for the Federal Bureau of Prisons.

The Court is prohibited from receiving ex parte communications. An ex parte

communication occurs when someone communicates with the court, orally or in writing, either without notice to or without the presence of the other party or parties. Canon 3(A)(4) of the Code of Conduct for United States Judges provides that, except in circumstances not present here, "a judge should not initiate, permit, or consider ex parte communications or consider other communications concerning a pending or impending matter that are made outside the presence of the parties or their lawyers."

The Clerk is directed to place this Notice and its attachment in the file of the case.

## II.   ORDER TO SHOW CAUSE

As stated in the attached email from Bureau of Prisons attorney Dennis Wong, Defendant Marcus Belton cannot comply with his current appellate deadlines because he is infected with COVID-19 and under quarantine. Moreover, if Belton were to attempt to comply with those deadlines, his preparation and delivery of his legal paperwork would place fellow inmates, prison staff, and the public at large at greater risk of infection. Under these "extraordinary circumstances," the Court has the authority vacate and reenter judgment in order to allow Belton the opportunity to appeal. *Mackey v. Hoffman*, 682 F.3d 1247, 1253-54 (9th Cir. 2012).

Accordingly, the Court now ORDERS THE UNITED STATES TO SHOW CAUSE why the Court should not vacate and reenter its judgment dated October 4, 2019. The government's written opposition, if any, is due April 30, 2020. If no opposition is filed, the Court will vacate judgment and reenter it on May 22, 2020, after the likely conclusion of Belton's illness and quarantine, to allow Belton 30 days from that date to file a notice of appeal. If an opposition is filed, Belton may file a response to that opposition by June 22, 2020.

**IT IS SO ORDERED.**

Dated:  April 23, 2020

_____
JON S. TIGAR
United States District Judge